## Sabo v. National Mines Corp.

*Oliver, Brandon & Shearer* and *Higbee, Lewellyn & Beeson*, for plaintiff.

*Ray, Coldren & Buck*, for defendant.

CARR, P. J., October 30, 1957.—The question here involved is whether a fatal injury to an employe was sustained in the course of his employment within the meaning of The Workmen's Compensation Act of June 4, 1937, P. L. 1552. The facts of the case are not disputed.

William Sabo was a cutter's helper in the Isabella Mine of the Weirton Coal Company, now the National Mines Corporation. Its plant is situated on the east bank of the Monongahela River and is bisected by the tracks of the Monongahela Railway Company running north and south parallel with the river. East of the railroad are defendant's mine entrance, shops, offices and other structures, and west of it, along the river, its docks, tipples and a parking lot provided by defendant for the use of its employes, a large number of whom live long distances from the plant and have no means of travel other than their own automobiles. The two parts of the premises are connected by a private roadway with a planked crossing over the railroad tracks. The crossing has existed and been used by defendant's employes for many years in entering and leaving the parking lot, and affords the only feasible way of doing so. The only public highway in or out of the plant lies wholly east of the railroad tracks.

At the close of his work for the day, shortly after 2 p. m., on Wednesday, March 30, 1955, Sabo walked to the parking lot, got in his car and started for his home near Brownsville, several miles distant. When he had reached the crossing over the first of the two tracks, his car stalled and was struck by a northbound train, as the result of which his skull was fractured and he died the same day.

Upon these facts the referee awarded compensation to decedent's widow and children, and the board unanimously affirmed. Defendant now appeals to us, argu-

ing that the accident did not occur on the premises of defendant but on land owned and controlled by the railroad company, and that therefore decedent's injury cannot be said to have been sustained in the course of his employment as defined by section 301(c) of the Compensation Act, 77 PS §411.

Section 301(c) provides, in part, as follows: "The term 'injury by an accident in the course of his employment', as used in this article, . . . shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment."

In our opinion the evidence fully warrants the conclusion that decedent was injured upon premises where defendant's business was being carried on and at a place where he was reasonably required to be by the nature of his employment. The location of the parking lot provided by defendant for its employes made the use of the crossing by decedent a practical necessity and the risk inseparable from his employment. He was not only permitted but expected to park where he did. Nor could he select his way out. He had no other choice than to go over the railroad tracks in order to leave his employer's premises. We think, therefore, that in determining the liability of defendant the crossing must be regarded as bearing such a relation to the employer's plant as to be an integral part of the

premises and its use by decedent as within the ordinary course of his employment. In numerous cases decided under section 301(c) various factors have been considered and discussed, but, so far as we are aware, compensation has never been denied where the special risk and hazard to which the employe was exposed was one existing within the confines of the employer's business premises and so plainly unavoidable by the employe after entering and before leaving the premises. Cf. Skuaskai v. Philadelphia & Reading Coal & Iron Co., 104 Pa. Superior Ct. 25; Ganassi v. Pittsburgh Coal Co., 162 Pa. Superior Ct. 289, and cases there listed. See also Annotation, 50 A. L. R. 2d 369.

*Order*

And now, October 30, 1957, upon consideration of the foregoing case, appellant's exceptions to the findings of fact, conclusions of law and award of the workmen's compensation board are overruled, the award affirmed and the appeal dismissed, and judgment is hereby entered in favor of claimant, Elizabeth Sabo, for herself and two children, Elizabeth Joyce Sabo and William Louis Sabo, and against defendant, National Mines Corporation, in the amount of $29.50 per week, beginning on April 6, 1955, and continuing up to and including March 1, 1959, and in the amount of $25 per week beginning on March 2, 1959, and continuing for and during the remainder of the 350-week period, and in favor of claimant, Elizabeth Sabo, for her dependent child, William Sabo, and against defendant, National Mines Corporation, in the amount of $9.40 per week after expiration of the 350-week period and continuing until he reaches the age of 18 years, or to June 30, 1963, with interest at the rate of six percent per annum upon accumulated unpaid installments, together with burial expenses in the amount of $425, all in accordance with the award.