JOHNSON *v.* CLARK.

5-1822                                                322 S. W. 2d 72

Opinion delivered March 23, 1959.

*Gannaway & Gannaway,* for appellant.

*Arthur Frankel* and *J. Fred Jones,* for appellee.

GEORGE ROSE SMITH, J. On the night of October 19, 1957, the appellee fell and fractured his leg a few minutes after leaving the liquor store at which he was working. His claim for workmen's compensation was denied by the referee who heard the testimony. On appeal to the full commission the claim was allowed, with one commissioner dissenting, and the award was upheld by the circuit court. In seeking a reversal the employer contends that Clark's injury did not arise out of and in the course of his employment. Ark. Stats. 1947, § 81-1305.

276

The issue is one of law, there being no dispute as to the material facts. Johnson owned two liquor stores in the western part of Little Rock. Clark, a seventy-seven year old resident of North Little Rock, was injured at the end of his first day's work for Johnson. Clark reported for duty at the Hayes Street store at three o'clock in the afternoon, but about two hours later he was taken by Johnson's manager to the store on West Twelfth Street, to replace a clerk who had telephoned to say that he was ill. Clark worked for the rest of the shift under the supervision of A. W. Simpson, another of Johnson's employees.

It was Saturday, and since liquor cannot be sold on Sunday the store was to be locked at midnight. A few minutes before twelve Clark telephoned for a taxicab to take him home. The store was closed at about midnight, and Clark and Simpson walked across the street to a vacant lot, owned by some third person, where Simpson had customarily parked his truck during the five years he had worked at the Twelfth Street store. Simpson testified that he had never been instructed to park across the street, but he did so to leave space in front of the store for customers.

Simpson did not want to leave the elderly man standing in the cold and invited him to sit in Simpson's truck until the taxi arrived. The cab appeared almost immediately, but when Clark alighted from the truck he stepped into a hole and fell, injuring himself.

Counsel for the appellee of course recognize the basic principle that an employee is not ordinarily entitled to compensation for an injury suffered after he has left his employer's premises and is returning to his home. *Cerrato* v. *McGeorge Cont. Co.,* 206 Ark. 1045, 178 S. W. 2d 247; *Penny* v. *Hudson Dairy,* 218 Ark. 594, 237 S. W. 2d 893. It is insisted, however, that this case falls within one of the many exceptions that the courts have properly and liberally recognized in the application of the coming and going rule.

We need not review in this opinion each of the many cases cited by the appellee, for they really involve

only a few principles of law. One of these principles, typified by our holding in *Owens* v. *Southeast Ark. Transp. Co.*, 216 Ark. 950, 228 S. W. 2d 646, protects the employee when his transportation is to be furnished by the employer. In the case at bar there is no evidence that Johnson expressly or impliedly agreed to carry Clark to or from his home in North Little Rock. Even though Johnson's manager drove Clark from the Hayes Street store to the Twelfth Street store, a few blocks away, there is no implication in the record that anyone expected the employer to take Clark home at the end of the night shift.

Another of the principles relied upon is illustrated by the holding in *Cudahy Packing Co. of Nebraska* v. *Parramore*, 263 U. S. 418, 44 S. Ct. 153, 68 L. Ed. 366, 30 A. L. R. 532. There the only road leading to the employer's plant passed over a hazardous railroad crossing about a hundred feet away. This was held to expose the plant's workers to a risk beyond that to which the general public was subjected, so that an employee's death in a crossing accident was compensable. That case hardly touches upon this one, for the uneven surface of a vacant lot cannot well be likened to a perilous grade crossing, and in any event the cause of this appellee's accident did not lie unavoidably between his home and his place of employment. It was only by going out of his way to private property across the street that Clark happened to be at the spot where he was hurt.

Finally, the coming and going rule is modified by what is sometimes referred to as the premises exception, under which the workman is protected immediately before or after his scheduled working hours if he is still on his employer's premises or on nearby property either under the employer's control or so situated as to be regarded as actually or constructively a part of the employer's premises. See *Bales* v. *Service Club No. 1*, 208 Ark. 692, 187 S. W. 2d 321; Youngdahl, Arkansas Workmen's Compensation Act Interpretation—''Arising out of and in the Course of Employment,'' 11 Ark. L. Rev. 413, 417 *et seq.*; Schneider on Workmen's Compen-

sation (Perm. Ed.), § 1712, 1724-1731; *Walker* v. *Lykes Brothers-Ripley S. S. Co.,* La. App., 166 So. 624.

This is the ground on which a majority of the commission made the award now before us. They reasoned, correctly, that Clark was entitled to a reasonable opportunity to leave the premises. But the opinion then goes on to say: "Now in the case at hand the employee had, at the time of injury, left the strict bounds of the premises on which his employer's business was located. However, as the heretofore cited Law Review article [Youngdahl, *supra*] explains, for workmen's compensation purposes, the bounds of such premises have been constructively extended to include adjacent property necessarily used by employees in gaining ingress and egress to the strict confines of the employer's premises."

The trouble is that, as far as we can find, no reported case has ever extended the employer's premises to include private property *(a)* that is separated from the employer's premises by a public street, *(b)* that is not in any respect subject to the employer's control, *(c)* that involves no peril except that of tripping  on ground that is not perfectly smooth, and *(d)* that the employee can reach only by departing from the ordinary route to his home. We could uphold this award only by saying flatly that any injury which an employee sustains within a few minutes after the end of his working hours and within a short distance from his employer's place of business is compensable. As the court observed in *Payne & Dolan* v. *Industrial Commission,* 382 Ill. 177, 46 N. E. 2d 925: "It is not enough to say that he (the employee) would not have been at that place on the public highway if it had not been for his job, since the same can usually be said of the general public . . . When he went off this driveway and onto the slab of the highway, he departed from the place where danger to him could be said to have been of a greater degree because of his employment, and into a place where the public generally shared fully the dangers incident thereto. Unless this be true, where can the line be drawn? What reason or logic can be applied, which would draw the line at any point short of his doorway?"

Some stress is laid upon the fact that the liquor store had to be closed at midnight, so that Clark could not stay inside while waiting for his taxi. The argument is that since Clark might have been covered by the compensation law if he had been injured while waiting in the store, he should also be protected while being forced to wait elsewhere. The clear answer to this suggestion is that an injury suffered in the liquor store might well have had a causal connection with Clark's employment, but the employer cannot be held responsible for purely accidental injuries that befall the employee at some other spot in the general neighborhood.

The coming and going rule is an affirmative one in the sense that the employee has the burden of showing that it does not apply, for otherwise any injury occurring between his departure from his home and his return would presumptively arise out of and in the course of his employment. The exceptions to the basic rule are perhaps too numerous to be readily listed, and new ones will arise, but each is founded upon a valid reason for bringing the situation within the protection that the legislature meant to afford the worker. We are unable to discover any sound principle by which the compensation law could be made applicable to the present case without thereby extending the statute to include every injury sustained by an employee traveling to or from his place of work.

Reversed.

JOHNSON, J., dissents.