DAVIS *v.* CHEMICAL CONSTRUCTION Co.

5-2122                                   334 S. W. 2d 697

Opinion delivered April 18, 1960.

*Clint Huey,* for appellant.

*Bill F. Doshier* and *Wright, Harrison, Lindsey & Upton,* for appellee.

GEORGE ROSE SMITH, J. This is a workmen's compensation claim by the appellant, for an injury to his foot. The commission denied the claim upon the single ground that the claimant, at the time of his injury, had completed his day's work at the job site and therefore (we infer) was barred by the coming and going rule. The circuit court affirmed the commission.

The facts are undisputed, so that the issue is one of law. The claimant's employer, Chemical Construction Company, was engaged in a construction job for Monsanto Chemical Company. To reach the job site upon Monsanto's extensive premises the construction company employees had to pass through two gates. The first gate abutted the public highway and could be entered by anyone without special permission. The second gate, apparently a mile or more down a private road from the Highway gate, provided access to what is referred to as the critical area, which was surrounded by a high cyclone fence. Upon entering or leaving this security gate the construction company employees were required to show their identification cards. Monsanto maintained a parking area outside the security gate, where the construction employees were required to leave their cars.

The job site was deep within the critical area, a mile from the security gate. The claimant and his fellow employees were paid for a workday ending at 4:30, but Monsanto required that the critical area be cleared by that time. To this end a whistle was sounded at 4:12, which gave all the employees, some 250 in number, eighteen minutes in which to walk to the security gate and leave the critical area.

On the afternoon of Davis's injury he quit work at 4:12 and started walking toward the security gate. On the way he and several other workmen caught a ride, which was not unusual, upon a truck belonging to an electrical subcontractor. At the security gate the several oc-

cupants of the truck were duly identified and permitted to leave. (The commission held that compensation coverage ended at that point.) As the truck was traveling toward the parking lot Davis saw that his son, who was working for a subcontractor, had gotten the Davis car from the parking area and started toward the security gate to meet his father. Davis called to the driver of the truck to slow down so that Davis could alight. As he was getting off the truck Davis caught his foot and sustained the injury for which compensation is sought. It was not yet 4:30 when the accident happened.

We think the injury to be compensable, for the case falls within the premises exception to the coming and going rule. This exception was discussed in *Johnson* v. *Clark,* 230 Ark. 275, 322 S. W. 2d 72, although there compensation was denied because the employee had actually left his employer's premises. By this qualification of the coming and going rule it is recognized that an employee is entitled to a reasonable time to leave his employer's premises and that an injury suffered within that interval may arise out of and in the course of the employment. The principle has often been applied in cases involving a parking lot maintained by the employer; the cases are collected in Schneider on Workmen's Compensation (Permanent Ed.), § 1719.

We do not attach controlling importance to the fact that this parking lot was owned by Monsanto rather than by the claimant's employer. The premises exception is not based solely upon the master's opportunity to make his own property safe and thus minimize the possibility of injury to his employees; for negligence is not an essential factor in compensation cases. Of equal weight is the fact that the employee is upon the premises by reason of his job, so that his injury has the necessary causal connection with his employment. For a case in point see *Downey* v. *Vanderlinde Elec. Corp.,* 276 App. Div. 1044, 95 N. Y. S. 2d 685. It does not seem to us that Davis should be held to have left his employer's

premises until he had passed through the second gate and joined the general traveling public.

Reversed.