BECKERMAN v. Owosso MFG. Co.

5-2481                                      350 S. W. 2d 321

Opinion delivered October 9, 1961.

[Rehearing denied November 13, 1961.]

974

*J. B. Milham* and *Gladys M. Cummins,* for appellant.

*Wright, Lindsey, Jennings, Lester & Shults,* for appellee.

NEILL BOHLINGER, Associate Justice. This case is presented here on appeal from the Saline Circuit Court which affirmed a finding of the Workmen's Compensation Commission denying the claim of Mrs. Carl F. Beckerman against the Owosso Manufacturing Company.

The facts in this case may be briefly summarized as follows. Carl F. Beckerman was an employee of the Owosso Manufacturing Company, appellee here, and was engaged as a marker and stacker of logs. The plant of the appellee was on Neeley Street which is a street in the City of Benton and at the point involved in this case, runs approximately north and south. The plant of the appellee is situated on both sides of Neeley Street, which street is sometimes locally referred to as Owosso Road.

On the day of the accident, the deceased, Beckerman, had checked out at the plant of the appellee at noon, or as stated, 12:03, and had taken his car from the parking lot on the premises of appellee on the east side of Neeley Street and had driven it from the parking lot to Neeley Street where he turned to the right and had gone what witnesses described as 'about a block' to a point where Neeley Street was intersected by a railroad track. At this point, which is described as being

about 28 feet from the boundary of appellee's property, Beckerman's car was struck by a train and Beckerman was killed.

Stripped of its nonessentials the case narrows down to a determination as to whether or not compensation is due under an exception to the "going and coming rule" with particular attention to exception "B" as set out in the case of *Frank Lyon Company* v. *Oats,* 225 Ark. 682, at p. 684, 284 S. W. 2d 637, which is the exception stated to the general rule and has reference to employees injured while in close proximity to the place of business. These facts appear to be uncontroverted. That Beckerman had left the property of the appellee and embarked on a mission of his own which carried him into the general traffic on Neeley Street. Whether the purpose of his trip was to go to lunch at a restaurant a short distance from the point of the accident, or whether to follow Neeley Street into the business area of Benton, we do not know, nor do we think it of importance for it is not shown that he was on any mission connected with the business of the appellee.

Measuring this case in the light of *Bales* v. *Service Club,* 208 Ark. 692, 187 S. W. 2d 321, we find a different set of circumstances in that this court ordered compensation for an employee of the service club who, in going to work, was injured when she fell upon an icy sidewalk which was immediately adjacent to the premises of the employer and under the exclusive control of the employer, and in that case this court found that the employee had the choice of entering the building where she was employed or re-tracing her steps. The court further said that for all practicable purposes she had reached the place of employment. In that opinion this court quoted from 71 *Corpus Juris* 716, § 445, including this quotation: "Thus injury from an accident in the street or on a highway while on the way to or from work is not ordinarily compensable unless the employment is such that the employee must travel the street in order to perform it, or where the employee is subject

to emergency calls, or where the employee is off the premises by reason of the express direction of the employer.'' Beckerman does not fall within any of these exceptions. When he left the premises of the appellee he was under no obligation to perform any services for the appellee and for the time intervening between his leaving and one o'clock, the employer owed him no money. There was no emergency call that took him upon the highway or any express direction of the employer directing him so to go. Between 12:03 and 1:00 o'clock, Beckerman and the employer went their several ways without obligation of one to the other.

In the *Frank Lyon Company* v. *Oats* case, *supra,* exception ''D,'' 225 Ark. at p. 684, deals with the ''traveling salesman rule''. The reasoning in the traveling salesman rule is applicable here. The traveling salesman, while about the business of the employer, be he where he may, is upon the employer's business and is as much at his post of duty as the workman at his bench within the plant itself.

In applying the 'close proximity exception' to the 'coming and going rule,' we call attention to the fact that Beckerman had traveled 'about a block' from where he left the property of his employer and was only a matter of some 20 feet from the property line of the employer when he was at the public crossing where he was killed.

Could we arbitrarily say that if a man is within so many feet, yards, blocks or miles of his employer's business his injury is compensable? A matter of that importance must rest on a more secure and easily ascertained basis than judicial whim or emotional appeal. The touchstone is not how near he might have been to his employer's business, but was he performing any duty in connection with his employment, or was he at the point of the accident at his employer's direction, or using facilities supplied by the employer.

Appellant argues with much plausibility that Neeley Street was so extensively used by the employer and was

so much a part of its operation that Neeley Street, at the point of the plant, should be considered as part of the employer's premises. We do not so agree. A homely test as to whether or not Neeley Street was part of the employer's operational area would be if the appellee sold its business could it convey the street in which it had no proprietory interest—obviously not, and we discard that theory of appellant. In *Rhyne, Municipal Law* (1957), §§ 18-31: "An abutting owner has two distinct rights in the streets and alleys, (1) the public right of passage from end to end, which is equal to but in no sense greater than, the rights of the general public; * * *" Hence the only use that appellee could make of Neeley Street was to use it for movement as the general public did. It could not subject any part of the public domain to its exclusive use in its business. Hence the deceased could have had no duty to perform on Neeley Street and he was upon that street subject to all the hazards of the traveling public generally.

The *Parramore* case [*Cudahy Packing Company* v. *Mary Ann Parramore,* 263 U. S. 418, 44 S. Ct. 148, 68 L. Ed. 366, 30 A. L. R. 532] is based upon a set of facts in no wise comparable to the case at bar, hence it does not apply, but the court did say that there must be a connection between the injury and the business in which the injured man was employed. In the *Parramore* case the employee was forced to use a hazardous means of access to the plant which was kept in repair for the use of persons traveling to and from the employer's plant and the commission found that compensation, was due.

In the *Davis* v. *Chemical Construction Company,* 232 Ark. 50, 334 S. W. 2d 697, case we deal with an entirely different set of circumstances. There the employee was injured in a parking area maintained by the employer for the employees and this court said: "* * * It does not seem to us that Davis should be held to have left his employer's premises until he had passed through the second gate and joined the general traveling public."

From a review of all the facts and the law, we find that the circuit court was justified in sustaining the opinion of the Workmen's Compensation Commission which found that the claim should be denied and dismissed. The judgment is therefore affirmed.

WARD, ROBINSON and JOHNSON, JJ., dissent.

SAM ROBINSON, Associate Justice, dissenting.

Beckerman had worked for Owosso for fourteen years. Some of the employees customarily drive away for lunch. They have done that for a long time. Within not over three or four minutes after Beckerman punched his time card going out for lunch, he was killed. He habitually ate his lunch at Prewitt's cafe, three or four blocks from the plant.

The crossing where Beckerman was killed is in such close proximity to the log pile where he worked that for all practical purposes he was on the employer's property at the time of the accident. He was only 20 or 30 feet from the place where he had piled the logs. Owosso actually uses the street not only as such, but as a part of its own property. The Owosso property extends from the Rock Island railroad on the south to the Missouri Pacific railroad on the north, a distance of approximately 300 feet. The railroads are adjacent to the Owosso property and in order for one to leave the Owosso plant he must cross either the Rock Island or Missouri Pacific railroad. Beckerman was crossing the Missouri Pacific tracks when he was killed. Owosso has large buildings on each side of the road between the two railroad tracks, and there is a large conveyor, which appears to be about 15 feet high, going across the road from the building on the west to the building on the east. Poles supporting the conveyor appear to be on the right of way of the so-called street. On the property east of the street there is a large derrick used in moving and piling logs. The center pole of this derrick is supported by guy wires that extend across the street. It also appears that the logs piled by Beckerman for his em-

ployer had been piled partially in the street. About half-way between the railroad tracks on the south and the railroad tracks on the north there is a very narrow bridge that will carry only one way traffic, indicating that the public in general does not use the street to any great extent.

The case at bar is clearly distinguishable from *Johnson* v. *Clark*, 230 Ark. 275, 322 S. W. 2d 72. In that case an employee was injured after the closing of the employer's business for the night. The employee crossed the street where he sat in an automobile on private property, waiting for a taxicab. It was specifically pointed out by the court that ''It was only by going out of his way to private property across the street that Clark happened to be at the spot where he was hurt.'' He was injured when he stepped from the car into a slight depression in the ground. There was no hazard at all involved. There it was said: ''The trouble is that, as far as we can find, no reported case has ever extended the employer's premises to include private property (a) that is separated from the employer's premises by a public street, (b) that is not in any respect subject to the employer's control, (c) that involves no peril except that of tripping on ground that is not perfectly smooth, and (d) that the employee can reach only by departing from the ordinary route to his home.'' None of the specifically mentioned facts existing in the *Johnson* case is present in the case at bar. There the Court pointed out that no case could be found where an employee had been granted compensation under similar facts to the case under consideration at that time. But in the case at bar there are numerous cases having similar facts where compensation was awarded. Of course, the general rule is that an employee cannot recover compensation if injured while going or coming to or from work. But there are numerous exceptions, as was pointed out in the Johnson case: ''The exceptions to the basic rule are perhaps too numerous to be readily listed, and new ones will arise, but each is founded upon a valid reason for bringing the situation within the protection that the

legislature meant to afford the worker." Following the *Johnson* case we failed to extend the rule in *Davis* v. *Chemical Constr. Co.*, 232 Ark. 50, 334 S. W. 2d 697.

One of the valid exceptions to the rule is pointed out in *Frank Lyon Co.* v. *Oates*, 225 Ark. 682, 284 S. W. 2d 637: "When the employee is injured while in close proximity to the place of business." And this rule was clearly recognized in *Bales, Admr'x.* v. *Service Club*, 208 Ark. 692, 187 S. W. 2d 321. There Mrs. Bales was injured by slipping on the sidewalk before she actually reached the entrance to the employer's place of business. Recovery was allowed, and this could have been only on the theory that she was on her way to work and in close proximity to her place of employment at the time she received the injury.

Actually there is no valid distinction between the case at bar and the leading case on the subject, *Cudahy Packing Co.* v. *Parramore*, 263 U. S. 418, 44 S. Ct. 148, 68 L. Ed. 366, 30 A. L. R. 532. There, as in the case at bar, Parramore was killed when he was struck by a train while he was crossing a track in close proximity to his place of work. The Court pointed out that whether a given accident is so related or incident to the business as to be considered within the course of the employment of the one injured must depend on its own particular circumstances and that no exact formula can be laid down that will automatically solve every case. The Court said: "The fact that the accident happens upon a public road or at a railroad crossing and that the danger is one to which the general public is likewise exposed is not conclusive against the existence of such causal relationship, if the danger be one to which the employee, by reason of and in connection with his employment, is subjected peculiarly or to an abnormal degree." In addition the Court said: "An accident arises out of the employment where it results from a risk incidental to the employment, as distinguished from a risk common to all mankind, although the risk inci-

dental to the employment may include a risk common to all mankind.'' The Court further stated: ''But the contention here, shortly stated, is that the accident was one which occurred off the premises of the employer on a public road, outside the hours of employment and while the employee was not engaged in any business of the employer; that it was not the result of any industrial risk but arose from a common peril to which the public generally was exposed; and that consequently liability is imposed arbitrarily and capriciously.'' An award was sustained in the *Parramore* case.

The *Parramore* case was followed by *Bountiful Brick Co.* v. *Giles,* 276 U. S. 154, 48 S. Ct. 221, 72 L. Ed. 507, 66 A. L. R. 1402. In that case Giles was killed while crossing the railroad tracks not at a regular crossing, and in fact it was not even necessary to cross the railroad tracks to get to his employment. But the tracks were in the immediate vicinity of the place of employment, although not on the employer's property. There the Court said: ''And employment includes not only the actual doing of the work, but a reasonable margin of time and space necessary to be used in passing to and from the place where the work is to be done. If the employee be injured while passing, with the express or implied consent of the employer, to or from his work by a way over the employer's premises, or over those of another in such proximity and relation as to be in practical effect a part of the employer's premises, the injury is one arising out of and in the course of the employment as much as though it had happened while the employee was engaged in his work at the place of its performance. In other words, the employment may begin in point of time before the work is entered upon and in point of space before the place where the work is to be done is reached. Probably, as a general rule, employment may be said to begin when the employee reaches the entrance to the employer's premises where the work is to be done; but it is clear that in some cases the rule extends to include adjacent premises used by the employee as a means of ingress and egress with the express or implied

consent of the employer. . . . There [speaking of the *Parramore* case], as here, it was necessary for the employees, in order to get to the place of work, to cross the tracks, and they were in effect invited by the employer to do so. The difference between the two cases is that in the former the crossing customarily used was entirely upon a public road, while here the way followed was in part along the railway tracks and by crossings within the railroad right of way wherever the employees upon their own volition might choose to go. The present case, though it comes nearer the border line, falls within the principle of the *Parramore* case. Since the only way of access to its brickyard from the east was across the railway tracks, the company necessarily contemplated the crossing of them by its employees.''

In *Northwestern Fuel Co.* v. *Swanson,* 197 Wis. 48, 221 N. W. 396, the employee was injured while riding a bicycle on a public road in close proximity to the place of work. Recovery was allowed.

In *Guient* v. *Mathieson Chemical Corp.,* 41 So. 2d 493 (La. 1949), the court said: ''The case involves the application of what has come to be known in our workmen's compensation law as the 'proximity rule.' That rule relates to the right of an injured employee to recover compensation when he suffers a disability that results from an accident sustained by him which occurs at a public crossing which is in such close proximity to the premises of the plant at which he works as to constitute a necessary convenient passageway for the conduct of the employer's business, and in principle therefore, may be said to be a part of the premises.'' There the employee was crossing U. S. Highway 90, after having alighted from a bus. An award was allowed. The court said: ''The highway afforded the only way of travel by which the employees reached the plant and since they are a necessary and integral part of the operation of the plant it is a logical deduction that, as a means of reaching their place of employment, it becomes a necessary convenient passageway for the conduct of

the employer's business, and this, notwithstanding the fact that the public generally is subjected to the same hazards as are the employees who have to cross it regularly in going to and coming from work. . . . The employment contemplated his entry upon and departure from the premises as much as it contemplated his working there, and must include a reasonable interval of time for that purpose.''

In *Tinsman Manufacturing Co., Inc.* v. *Sparks*, 211 Ark. 554, 201 S. W. 2d 573, the Court quoted with approval from an English case, as follows: '' 'In one sense anything a man does in connection with his own body is done for his own purpose: eating and drinking are illustrations; but these are nonetheless things a workman is perfectly entitled to do in the course of his employment. . . . ''I think an accident befalls a man 'in the course of' his employment if it occurs while he is doing what a man so employed may reasonably do within a time during which he is employed, and at a place where he may reasonably be during that time to do that thing.'' ' ''

Professor Larson at page 196 [§§ 15.12, 15.13] says: ''Some courts have extended the 'premises' idea to areas which are not owned or even controlled by the employer, but which are so closely associated with it that they are in effect part of the premises. Such a test has been helpful in a number of cases, . . . The most striking illustration comes from Wisconsin, which interpreted the statutory phrase, 'premises of the employer,' to include the intersection of a railroad and a public highway. . . . The commonest ground of extension is that the off-premises point at which the injury occurred lies on the only route, or at least on the normal route, which employees must traverse to reach the plant, and that therefore the hazards of that route become the hazards of the employment. This general idea seems to have been accepted by the majority of jurisdictions in some degree.''

Professor Horovitz in his book on Workmen's Compensation at page 161 says: "There is no reason in principle why states should not protect employees for a *reasonable period of time prior to or after working hours* and for a *reasonable distance.* . . ."

I think that according to the great weight of authority Beckerman was killed in such close proximity to his place of work that compensation should be awarded. In my opinion pictures of the scene of the accident reproduced herein sustain that view. The Compensation Commission specifically stated there was no dispute as to the facts. I believe if the Commissioners had felt that they could have found for the claimant under the law, they would have done so. But they erroneously construed the law to be such that when applied to the facts in the case no award could be made. The Commission fell into this same error in *Bales, Admr'x.* v. *Service Club,* 208 Ark. 692, 187 S. W. 2d 321, where there was no dispute as to the facts, and the Commission held there could be no recovery under the law. In reversing the Commission, Judge Frank Smith, speaking for the Court, said: "But in any and every case the sufficiency of the testimony to support the Commission's finding, or for that matter the verdict of a jury, is not a question of fact, but one of law, which this court will review on appeal. We have, therefore, copied *in extenso* the lengthy statement of facts as agreed upon by counsel, in order that we may determine as a matter of law whether the 'coming and going' rule should be applied." The Court held that the "coming and going" rule should not be applied in that case and reversed the order of the Commission denying compensation and ordered the Commission to make an award of compensation. I respectfully submit that the same thing should be done in the case at bar and I therefore dissent.

JOHNSON, J., joins in this dissent.

Plant in relation to so-called street, narrow bridge; company owned conveyor belt and guy-wires crossing street

Logs apparently on street's right-of-way.

**Logs and fence blocking driver's view of crossing.**