BECHTEL CORP. and INDUSTRIAL
INDEMNITY CORP. *v.* Nancy
C. WINTHER, Widow

77-209                                          556 S.W. 2d 882

Opinion delivered October 31, 1977
(Division II)

*Smith, Williams, Friday, Eldredge & Clark,* by: *Frederick S. Ursery,* for appellants.

*McMath, Leatherman & Woods, P.A.,* by: *Phillip H. McMath,* for appellee.

FRANK HOLT, Justice. The Workmen's Compensation Commission found that appellee's claim was compensable under the "special hazards" exception to the "going and coming" rule and awarded death benefits to her as a widow. Appellants contend that the Commission erred, as a matter of law, in so finding and, therefore, the circuit court's judgment affirming the Commission should be reversed. We do not agree since there is substantial evidence to support the Commission's finding.

The essential facts are not in dispute. The appellee's decedent was an employee of appellant Bechtel Corp. on January 15, 1974, when he left his home in Fort Smith to drive eighty miles to his work. He did not report that day and two days later was found in Lake Dardanelle in his submerged automobile a few feet from a causeway, which cuts across the lake and leads to one of the two entrances to the site of his employment. The causeway is a county road which is graveled with no guard rails or shoulders. The automobile had left the causeway at a curve approximately one quarter mile from the back entrance. On the morning of the accident, there was a low hanging fog resulting in poor visibility. This public road was used daily by some two to three hundred Bechtel

employees going to and from work. The deceased routinely used the back entrance to the premises thereby shortening his travel time by eight to ten minutes.

In *Frank Lyon Co.* v. *Oates,* 225 Ark. 682, 284 S.W. 2d 637 (1955), we recognized there were numerous exceptions to the "going and coming" rule. The "special hazards" exception is generally accepted, in some degree, by the majority of jurisdictions. 1 Larson, Workmen's Compensation Law, § 15.13 states:

> The commonest ground of extension is that the off-premises point at which the injury occurred lies on the only route, or at least on the normal route, which employees must traverse to reach the plant, and that therefore the special hazards of that route become the hazards of the employment.

Appellants cite *Beckerman* v. *Owosso Mfg. Co.,* 233 Ark. 973, 350 S.W. 2d 321 (1961), as controlling here. We do not agree since the "close proximity" exception to the "going and coming" rule and not the "special hazards" exception was utilized there in denying compensation.

§ 15-13, supra, lists two components that are necessary before the "special hazards" exception can apply:

> Note that the exception to the premises rule here involved contains two components. The first is the presence of a special hazard at the particular off-premises point. The second is the close association of the access route with the premises, so far as going and coming are concerned.

Here the Commission found that the road, at the off-premises point, constituted a special hazard and it appears this finding is not disputed. Appellant argues the second requirement, close association of the access road to the premises, was not met because the accident occurred one quarter mile away from the work premises and, therefore, was too far removed from the plant to warrant application of the exception.

Larson rejects the idea that close association to the work premises is to be measured by mere distance, although he does recognize the confusion in application created by the overlap of the "close proximity" and "special hazards" exceptions. At § 15.15 Larson explains the exception to the premises rule:

> [I]t is not proximity, or reasonable distance, or even the identifying of surrounding areas with the premises; it is simply that, when a court has satisfied itself that there is a distinct 'arising out of' causal connection between the conditions under which the claimant must approach and leave the premises and the occurrence of the injury, it may hold that the course of employment extends as far as those conditions extend.

Therefore, the criteria for applying the exception is not sheer distance or proximity as appellants contend, but rather the causal connection between the injury and the employment.

Nor is the exception always inapplicable due to the existence of an alternate route. § 15.13 reads:

> If an alternate route is available, and if it is substantially more remote or more inconvenient, the special hazard exception to the premises rule will usually be applied.

See also *Johannsen* v. *Action Const. Co.,* 119 N.W. 2d 826 (Minn. 1963). The "special hazard" exception may be applied when the off-premises route, while not the exclusive means of access, is the "usual" or "regularly used" route. *Daly* v. *Edwards Engineering Corp.,* 257 A. 2d 730 (N.J. 1969); *Naranja Rock Co.* v. *Dawal Farms,* 74 So. 2d 282 (Fla. 1954); and *Procaccino* v. *E. Horton & Sons,* 111 A. 594 (Conn. 1920).

Here the Commission made factual findings that a "special hazard" existed at the scene of the accident on the access road, the route regularly used by the deceased and two to three hundred other workers, and there was a causal connection between his death and employment since the deceas-

ed, by reason of his employment, was exposed to the hazardous road condition to an abnormal degree. "On appeal, if there is any substantial evidence to sustain the findings and award of the Workmen's Compensation Commission, the Supreme Court will affirm." *Burks Inc.* v. *Blanchard,* 259 Ark. 77, 531 S.W. 2d 465 (1976). Here the evidence was amply substantial to support the Commission's factual finding of the existence of the "special hazard" exception to the "going and coming" rule and accordingly the Commission did not err, as a matter of law, in finding the claim compensable. The circuit court's judgment is affirmed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and FOGLEMAN, JJ.