542 A.2d 621

PPG Industries, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (Uleski), Respondents.

598

Submitted on briefs March 24, 1988, to Judges MACPHAIL, COLINS and MCGINLEY, sitting as a panel of three.

*Thomas Levendos,* for petitioner.

*David L. Caplan,* with him, *Alfred G. Yates, Jr.,* for respondent.

OPINION BY JUDGE MACPHAIL, June 7, 1988:

PPG Industries, Inc. (Petitioner) appeals from the decision of the Workmen's Compensation Appeal Board (Board) which affirmed the order of Referee Robert J. Steiner (Referee) in awarding Stephen G. Uleski

tained when his car was struck by a train after he had left the Petitioner's parking lot. We affirm.

Claimant was employed by the Petitioner for thirty-seven years and at the time of his injury he was responsible for performing general janitorial duties. On December 18, 1980, at approximately 12:00 p.m., the Claimant was leaving work after completing his eight-hour shift. Petitioner's parking lot was located on the other side of Ferry Street, a public street controlled and maintained by East Deer Township. The sole means of ingress to and egress from the Petitioner's parking lot was by means of Ferry Street. Ferry Street extends from Route 28 to the Allegheny River. There is an unpaved portion of the street which dead-ends at the river. There is no way for Petitioner's employees to enter or leave Petitioner's parking lot other than by Ferry Street. Just before Ferry Street intersects with Route 28, there is a set of railroad tracks owned and controlled by Conrail.

On the evening in question, the Claimant had crossed Ferry Street to the parking lot, picked up his car, left the Petitioner's parking lot, accessed Ferry Street and attempted to cross the set of railroad tracks when his car was struck by an oncoming train. As a result of the accident, the claimant lost his right eye and suffered injury to his back and fingers.

The Referee found that the Claimant was entitled to compensation for the injuries he sustained because the situs of the accident was an integral part of Petitioner's premises, thus bringing Claimant's injury within the statutory definition of an injury arising in the course of employment. The Petitioner appealed to the Workmen's Compensation Appeal Board on the grounds that the Claimant was not injured within the course of his employment and that there was no proper notice given to the Petitioner pursuant to Section 311 of The Pennsyl-

vania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §631. The Board concluded that there was sufficient competent evidence to support the Referee's findings and that the Referee had made no error of law. The Petitioner has appealed to this Court for review.[1]

The first issue presented to us in this case is whether the Board erred in concluding that the Claimant was within the course of his employment when the accident occurred, pursuant to Section 301(c)(1) of the Act, 77 P.S. §411(1) which provides that:

> The term 'injury arising in the course of his employment,' as used in this article . . . shall include all . . . injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises . . . sustained by the employe, who, though not so engaged, *is injured upon the premises occupied by or under the control of the employer* . . . the employe's presence thereon being required by the nature of his employment.

(Emphasis added.) Since the Claimant was not actually working or furthering the employer's business, the question becomes whether the Claimant was on the premises of the employer when he was injured.

In *Schofield v. Workmen's Compensation Appeal Board,* 39 Pa. Commonwealth Ct. 282, 284, 395 A.2d 328, 329 (1978), this Court citing *Epler v. North Ameri-*

---

[1] Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed or necessary findings of fact are supported by substantial evidence. *Pypers v. Workmen's Compensation Appeal Board (Baker),* 105 Pa. Commonwealth Ct. 448, 524 A.2d 1046 (1987).

*can Rockwell Corp.,* 482 Pa. 391, 393 A.2d 1163 (1978), held that, an " '[e]mployer's premises' embraces property that is so connected with an employer's business as to form a component or integral part of it notwithstanding the vesting of title to the property in a third party."

' In *Epler,* the claimant was injured after work when he was walking across a public street to the parking lot provided by the employer. The Court dismissed the argument that compensation should be denied because the claimant was injured in a public street and not in an area owned or controlled by the employer. The Court held that the basis for awarding compensation was that the employee was in the area where the injury occurred because of his employment.

In *Schofield,* the claimant was injured when a train collided with his car as he was crossing a private crossing to report to work. In affirming the Board's award of benefits, this Court defined *employer's premises* to include, "reasonable means of access to the situs of an employer's business operation. Workmen's Compensation Appeal Board v. Levy, 23 Pa. Commonwealth Ct. 658, 354 A.2d 7 (1976); Fetzer v. Michrina, 8 Pa. Commonwealth Ct. 273, 301 A.2d 924 (1973)." 39 Pa. Commonwealth Ct. at 284, 395 A.2d at 329. The Court also reasoned that, in that case, the crossing was the usual manner of ingress and egress, and constituted an integral part of the employer's business for the purpose of determining liability under the Act.

Petitioner here contends that *Schofield* can be distinguished on the ground that the crossing was a private crossing, while in the instant case, the crossing was a public crossing. We find this argument to be unpersuasive. *Schofield* clearly states that if the crossing constitutes *an integral part* of the employer's business, *i.e.,* it is the usual manner of ingress and egress, then it is part of the employer's premises for determining liability un-

der the Act, notwithstanding the vesting of title in some other entity. *Epler.* In the instant case, Ferry Street was not just the usual means of ingress and egress, it was the *only* means of ingress and egress.

In *Sabo v. National Mines Corp.,* 13 Pa. D. & C. 2d 251 (1957), a case factually similar to the one now before us, the trial court reasoned that where an employer provided a parking lot for its employees on its premises, and the parking lot is so located as to require employees leaving the parking lot to cross railroad tracks owned by a private railroad in order to reach the public highway, the railroad crossing constituted such a relation to the employer's plant as to be an integral part of the employer's premises sufficiently to meet the requirements of the Act. The court noted that the physical location of the parking lot and the plant made the use of the crossing a practical necessity and the risk inseparable from the claimant's employment.

In the instant case, the Referee found that except for emergencies, *i.e.,* the blocking of Ferry Street, accessing Ferry Street and crossing the railroad tracks was the usual, indeed, the only means of ingress and egress to and from the Petitioner's parking lot. Thus, in light of *Epler, Schofield,* and *Sabo,* we conclude that the Claimant's injuries are compensable under the Act.

The second issue constitutes one of notice. The Petitioner alleges that the Claimant did not provide him with notice that his accident occurred within the course of his employment pursuant to Section 311 of the Act, 77 P.S. §631.

To support this contention the Claimant relies on *Rinehimer v. Workmen's Compensation Appeal Board (Earl R. Rinehimer),* 66 Pa. Commonwealth Ct. 480, 444 A.2d 1339 (1982), which states that a telephone call to the employer simply stating that the claimant was ill [suffered a heart attack at home] was not sufficient to

satisfy the notice requirement or suggest that the claimant's heart attack was work-related.

In *Thomas v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 449, 423 A.2d 784 (1980), this Court stated that "[t]he purpose of such notice requirements is to protect the employer from claims for injuries of which he had no knowledge, made after the opportunity for a complete and full investigation has passed. . . . Notice provisions may also warn an employer of dangerous employment conditions, and, thus facilitate their speedy correction." *Id.* at 456-57, 423 A.2d at 788 (citation omitted). The Court also stated that where the employer receives notice *or* has knowledge that the employee was injured on or about a specified time, at or near a place specified, within 120 days after the occurrence, that this was sufficient to satisfy the notice requirement.

In the instant case, the Claimant's son-in-law notified the Petitioner that the Claimant was injured within twenty-four hours of the accident and sixty days later, the Claimant himself advised the Petitioner's personnel office of the circumstances surrounding his accident. In addition to the above notices, the Petitioner's safety director received actual notice of the accident by reading newspaper accounts the day after the accident and reported the information to his supervisor, the employee relations director.

Our review of the record indicates that the Petitioner was aware that the accident had occurred and where it had occurred within 120 days after the accident. N.T. at 16, R.R. at 23(a). Thus in keeping with the purpose of the notice requirement, the Petitioner had knowledge of the accident and the opportunity for a complete and full investigation.

We therefore find that there was sufficient substantial evidence for both the Referee and the Board to de-

termine that the Claimant was within the course of his employment when the accident occurred, and that the Petitioner had timely notice that the Claimant's injury occurred within the course of his employment.

## ORDER

The order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.