v.

**WORKMEN'S COMPENSATION APPEAL BOARD (NIMERSKY), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 20, 1989.

Decided Jan. 10, 1990.

David E. Heisler, Lenahan & Dempsey, P.C., Scranton, for petitioner.

John E.V. Pieski, Dickson City, for respondent, Thomas J. Nimersky.

Before CRUMLISH, Jr., Presiding Judge, and PALLADINO, (P.) and SMITH, JJ.

PALLADINO, Judge.

C.O.L.T.S.[1] (COLTS) appeals from the order of the Workmen's Compensation Appeal Board (Board), which affirmed a referee's grant of workmen's compensation benefits to Thomas J. Nimersky (Claimant).

Claimant worked as a maintenance man for COLTS until June 25, 1986. On January 28, 1987, Claimant filed a claim for workmen's compensation benefits. After conducting a hearing a referee made the following findings of fact:

9. After review of all of the testimony and resolving all of the conflicts of testimony, medical opinions and the credible evidence in the record, this Referee finds:

(a) The medical opinions of Dr. Morris [Claimant's physician] to be credible in that claimant suffered from an occupational disease aggravated or accelerated by claimant's work environment and that claimant is temporarily totally disabled from his employment with [COLTS].

(b) Claimant first became aware that his work had aggravated or accelerated his breathing problems on June 25, 1986 and notice was given to the employer on October 23, 1986, within 120 days.

The referee also made the following conclusions of law:

(2) There was legal, competent, substantial and credible evidence in the record that claimant suffered from an aggravation or acceleration of a pre-existing occupational disease which was brought about by claimant's work.

1. C.O.L.T.S. is an abbreviation for County of Lackawanna Transit System.

(3) There was legal, competent, substantial and credible evidence in the record that claimant gave notice on October 23, 1986, within 120 days that claimant became aware of his condition brought about by his work.

COLTS appealed the referee's decision to the Board, which affirmed. COLTS appeals to this court.[2]

COLTS does not dispute the conclusion that Claimant suffers from a pre-existing occupational disease aggravated or accelerated by his employment at COLTS. COLTS' argument is that Claimant failed to give COLTS timely and sufficient notice of his occupational disease, as required by section 311 of The Pennsylvania Workmen's Compensation Act (Act).[3]

The record shows that COLTS received a letter, dated October 23, 1986, stating that Claimant has a claim for workmen's compensation benefits, which the referee determined was notice of the occupational disease. In its brief, COLTS alleges that the letter was mailed on October 23, 1986 and could not have reached COLTS until October 24, 1986, which is 121 days after Claimant knew of his occupational disease. Consequently, COLTS argues that notice of the occupational disease was untimely.

In his brief, Claimant also alleges that the letter, dated October 23, 1986, was mailed on that date. Claimant contends that section 311 requires notice to be mailed, not

2. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Mackintosh–Hemphill v. Workmen's Compensation Appeal Board (Banicki),* 116 Pa.Commonwealth Ct. 401, 541 A.2d 1176 (1988).

3. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 631. The section provides, in pertinent part:

Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf ... shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and *unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed....* The term injury in this section means, in cases of occupational disease, disability resulting from occupational disease. (Emphasis added.)

received, within 120 days after he became aware of the occupational disease.

Claimant has the burden of proving timely notice of a disability resulting from an occupational disease, under section 311. *Jones & Laughlin Steel Corporation v. Workmen's Compensation Appeal Board (Feiertag),* 90 Pa.Commonwealth Ct. 567, 496 A.2d 412 (1985). As the party who prevailed before the referee, the Claimant is also entitled to the most favorable inferences to be drawn from the evidence. *Id.,* 90 Pa.Commonwealth Ct. at 571, 496 A.2d at 415.

The claim letter dated October 23, 1986 was offered into evidence without any testimony. The record is devoid of testimony as to when it was sent or when it was received. The letter was mailed return receipt requested, but a copy of only one side of the receipt was entered into the record. It bears no date. The date printed on the letter, without more, is not evidence of when the letter was sent or received. Consequently, we must conclude that the referee's finding that COLTS received notice of the occupational disease on October 23, 1986 is unsupported by substantial evidence and that Claimant has failed to carry his burden of proving timely notice.[4]

Claimant argues that regardless of whether there was timely notice, he is not barred by the notice requirement of section 311. The employer had actual knowledge of his occupational disease as of June 25, 1986, when Claimant gave COLTS a note he received from Dr. Morris after a doctor's examination that day. Claimant alleges that he gave COLTS the only copy of this note. The document is not in the record.

There are two references to the contents of this note. Claimant testified that the note stated "due to an illness of emphysema and bronchitis that ... [sic] I don't know what

---

**4.** Because we conclude that there is no evidence to support the finding that the letter was timely received by COLTS, we need not address their second argument that the claim letter contained insufficient information.

other word he used there, but that I should take a couple of days off from work, a little time off from work, not days." Transcript of hearing at 21. COLTS concedes that "[o]n June 25, 1986 [Claimant] gave his employer a note which states that he had to be off of work because of emphysema and bronchitis." COLTS' brief at 10.

A claimant is excused from the section 311 notice requirement when an employer has knowledge of the claimant's disability resulting from an occupational disease. To have knowledge of the disability, the employer must know of the disability, the disease, and the disease's relationship to employment.[5] The meager evidence on the record indicates at best that Claimant suffered from an illness and that he needed some time off from work. The record is devoid of any evidence that Claimant's disability was related to Claimant's work. Therefore, we conclude that COLTS did not have the requisite knowledge of Claimant's occupational disease, which would excuse Claimant from complying with the section 311 notice requirement.

Accordingly, we reverse the Board's order.

## ORDER

AND NOW, January 10, 1990, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed.

---

5. The purpose of the notice requirement is to provide an employer an opportunity for a complete and full investigation and to warn it of dangerous employment conditions and thus facilitate their speedy correction. *PPG Industries, Inc., v. Workmen's Compensation Appeal Board (Uleski)*, 116 Pa.Commonwealth Ct. 597, 542 A.2d 621 (1988).