# Joanne WENTWORTH
## *v.* SPARKS REGIONAL MEDICAL CENTER

CA 94-474                                    894 S.W.2d 956

Court of Appeals of Arkansas
En Banc
Opinion delivered March 15, 1995

*Walker Law Firm*, by: *Eddie H. Walker, Jr.* and *William J. Kropp, III*, for appellant.

*Jones, Gilbreath, Jackson & Moll*, by: *Charles R. Garner*, for appellee.

JOHN MAUZY PITTMAN, Judge. Appellant appeals a decision of the Arkansas Workers' Compensation Commission finding that she failed to prove that she sustained a work-related injury. She argues that the premises exception to the going and coming rule applies and the Commission erred in denying benefits. We agree and reverse.

On appeal in workers' compensation cases, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and will affirm if those findings are supported by substantial evidence. *Wright* v. *ABC Air, Inc.*, 44 Ark. App. 5, 864 S.W.2d 871 (1993). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

Appellant testified that on August 17, 1992, a few minutes before she was to report to work, she parked in the lot across the street from the hospital where she worked as a nurse. Appellant stated that she was taking the most direct route from the parking lot to the hospital and that, as she crossed the public street to get to the hospital from the parking lot, she was hit by a vehicle. Appellant said that this parking lot is owned and controlled by appellee and provided by appellee for the employees' and the public's use. She stated that she is not required by appellee to park on this lot or any other lot owned by appellee. However, she said there were only two options that she had to get to the hospital after parking that would not require crossing a street. One was to park alongside the street beside the hospital where only two or three spaces were available; the other was to park on the south lot and walk through an underground tunnel.

The going and coming rule ordinarily precludes recovery for an injury sustained while an employee is going to or returning from his place of employment as the employee is not within the course of his employment while traveling to and from his job. *City of Sherwood* v. *Lowe*, 4 Ark. App. 161, 628 S.W.2d 610 (1982). The employee has the burden of showing that the going and coming rule is not applicable. *Brooks* v. *Wage*, 242 Ark. 486, 414 S.W.2d 100 (1967); *Johnson* v. *Clark*, 230 Ark. 275, 322 S.W.2d 72 (1959). Although an exception to the going and coming rule may operate to place an employee within the course of his employment, the employee must still show that his injury

arose out of his employment. *Woodard* v. *White Spot Cafe*, 30 Ark. App. 221, 785 S.W.2d 54 (1990).

■ . One exception to the going and coming rule, and one that appellant argues is applicable here, is the "premises exception." It provides that, although an employee at the time of injury has not reached the place where his job duties are discharged, his injury is sustained within the course of his employment if the employee is injured while on the employer's premises or on nearby property either under the employer's control or so situated as to be regarded as actually or constructively a part of the employer's premises. *Johnson* v. *Clark, supra; Bales* v. *Service Club No. 1, Camp Chaffee*, 208 Ark. 692, 187 S.W.2d 321 (1945). Appellant argues further that this exception should be extended to include injuries sustained in a public street located between the employer's premises. In support of her argument, appellant cites 1 A. Larson, *The Law of Compensation*, § 15.14(b) (1994), which states:

> Since a parking lot owned or maintained by the employer is treated by most courts as part of the premises, most courts,-but by no means all, hold that an injury in a public street or other off-premises place between the plant and the parking lot is in the course of employment, being on a necessary route between the two portions of the premises. But if the parking lot is a purely private one, the principle of passage between the two parts of the premises is not available, and an employee crossing a public street to get to the parking lot is not protected.

In *Bales* v. *Service Club No. 1, Camp Chaffee, supra*, an employee sustained an injury on a public sidewalk located near the building in which she worked and in an area over which the employer exercised some control. In reversing the denial of workers' compensation benefits, the Arkansas Supreme Court found that an exception applied to the going and coming rule for an employee who had reached a place so close to the employer's premises as to be considered a part thereof. The court stated, "The employment contemplated [the employee's] entry upon and departure from the premises as much as it contemplated his working there, and must include a reasonable interval of time for that purpose." *Id.*, 208 Ark. at 699 (quoting *Cudahy Packing Co.* v. *Parramore*, 263 U.S. 418 (1923)). Further, in *Owens* v. *Southeast*

*Arkansas Transp. Co.*, 216 Ark. 950, 228 S.W.2d 646 (1950), the court reversed the denial of benefits for an injury an employee sustained in a public street after leaving the employer's office in direct route to his employer's bus that customarily provided him with a ride home. The court said, "The employment is not limited to the exact moment when the workman reaches the place where he begins his work or to the moment he ceases that work. It necessarily includes a reasonable amount of time and space before starting and after ceasing actual employment." *Id.*, 216 Ark. at 957.

The majority of jurisdictions have broadened the premises exception to permit compensation for injuries sustained in a public street or other off-premises place between the employer's plant and parking lot. *Copeland* v. *Leaf, Inc.*, 829 S.W.2d 140 (Tenn. 1992). The best explanation for this short extension of the premises exception is that the employer is responsible for creating the necessity of his employees encountering particular hazards between a noncontiguous parking lot and the workplace. *Id.; Doctor's Business Service, Inc.* v. *Clark*, 498 So.2d 659 (Fla. App. 1986); 1 A. Larson, *The Law of Workmen's Compensation*, § 15.12(b) (1994).

In the case now before us, appellant testified that she had to cross a public street to reach the hospital from appellee's parking lot where she had parked. Although appellant was not required to park in any particular lot, the record includes a map of nearby parking areas provided by appellee which indicates that appellant would be required to cross a public street after parking in any of appellee's lots. In refusing to apply the premises exception, the Commission held that appellant could choose any route she desired to reach the hospital, that appellee had no control over the public street where the accident occurred, and that appellant was not under appellee's control at the time of the accident. We cannot conclude that there is substantial evidence to support the decision that appellant failed to prove that her injury arose out of and in the course of her employment. Appellee created the necessity of appellant crossing a public street by providing a parking lot noncontiguous to its hospital. *Copeland* v. *Leaf, Inc., supra.*

Moreover, in some jurisdictions, employment is deter-

mined to begin when the employee reaches the employer's parking lot and the employment relationship is not terminated while the employee takes the most direct route across a public street to the building where the employee works. *Lewis* v. *Worker's Compensation Appeals Board*, 542 P.2d 225 (Cal. 1975). However, this rule is applied only when crossing a public street is the most direct, necessary, usual, or customary means to reach the employer's building from the employer's parking lot. *PPG Industries* v. *W.C.A.B.*, 542 A.2d 621 (Pa. 1988); *Blair* v. *Daugherty*, 396 N.E.2d 238 (Ohio 1978); *see Smith* v. *Greenville Products Company*, 462 N.W.2d 789 (Mich. App. 1990); *Hughes* v. *Decatur General Hospital*, 514 So.2d 935 (Ala. 1987); *Baughman* v. *Eaton Corporation*, 402 N.E.2d 1201 (Ohio 1980).

The Arkansas Supreme Court's holding in *Beckerman* v. *Owosso Mfg. Company*, 233 Ark. 973, 350 S.W.2d 321 (1961), is consistent with these principles. There the court denied benefits to an employee's survivors when the court concluded that the employee had embarked on a personal mission when he left the employer's premises for lunch and while driving along a public street one block from the employer's plant, he was killed. The same principle was also applied in *Owens* v. *Southeast Arkansas Transportation Company, supra,* where the employee's injury was compensable because the employee chose the most direct route from his employer's building to the employer's bus.

Appellee provided a parking lot that is noncontiguous with its hospital and it was undisputed that appellant chose the most direct route to the hospital from the lot by crossing the street. We conclude that the exception to the going and coming rule permitting recovery for injuries received by employees traveling between two parts of an employer's premises, such as by way of a public street, is applicable to the facts now before us.[1] Accordingly, we reverse and remand for an award of benefits.

Reversed and remanded.

---

[1] We note that Arkansas Code Annotated § 11-9-102(5)(B)(iii) (1993 Supp.), applicable to injuries sustained after July 1, 1993, states that a "compensable injury" does not include an "injury which was inflicted upon the employee at a time when employment services were not being performed."