## Cash's Appeal.

A lien creditor, who neglects to appeal from the distribution of a fund raised by execution of the debtor's land, cannot be relieved by this court, though it clearly appear that he was entitled to the money in contest.

APPEAL from the decree of the Court of Common Pleas of Bradford county, appropriating the moneys arising from the sale of the real estate of Pomroy Gorslin.

The land of Gorslin was sold on a ven. ex., and the proceeds of sale being ruled into court, an auditor was appointed to report liens, and to distribute the fund. The auditor reported, Feb. 12, 1844, that the first judgment, entered of record subsequent to Gorslin's acquisition of title to the land sold, was that of William Myer, No. 406, May term, 1838 ; and directed the application of the money in court to the payment of that judgment ; but, as some of the judgment creditors alleged that the judgment of Myer was paid, he attached to his report a list of all the judgments against Gorslin.

The next judgment after that of Myer's, was one of J. Wheaton and Amos Green, against Gorslin, No. 269, Dec. term, 1838. This and Myer's judgment had been revived by sci. fa.

On the day the auditor made his report, an amicable issue was framed between Amos Green, plaintiff, and Wm. Myer's administrators, defendants, to try the right to the moneys in court. May 10, 1844, this issue came to trial, which resulted in a judgment, by consent, in favour of the defendants.

On the 18th May, 1844, David Cash, who was a judgment creditor of Gorslin, moved the Court of Common Pleas for the appointment of an auditor, on the ground that the auditor theretofore appointed had not given due notice to creditors. The court referred the matter back to the former auditor.

In his second report, the auditor says, "Evidence was offered by the other creditors to prove the debt of Wm. Myer, No. 406, May term, 1838, was paid, which evidence was objected to by Mr. Mercur, attorney for the administrators of Wm. Myer, and the record referred to of the amicable issue between them and Amos Green. The auditor proceeded to take the evidence, which proved to his satisfaction, that the judgment, Myer v. Gorslin, 406, May term, 1838, was obtained upon a note given by said Gorslin to said Myer, as a security to said Myer for endorsing notes for Gorslin, and that all the notes endorsed for Gorslin by said Myer had been paid by Gorslin or remained unpaid, never having been paid by said Myer ; consequently, that judgment, in the opinion of the auditor, would not be entitled to the money.

"The judgment of J. Wheaton and Amos Green *v*. Gorslin, No. 269, Dec. term, 1838, being the next lien upon the record, it was objected by Mr. Cash and other creditors, that they had had their day in court, and could not now take the money; and they also referred to the amicable issue between Myer's administrators and Amos Green.

"By the evidence produced, it appeared that the judgment of Wheaton and Green, No. 269, Dec. term, 1838, was entered upon a note given by Gorslin to secure them against notes signed by them as security for Gorslin to Dr. Rose, for $400, and that those notes, except sixty or eighty dollars, for aught that appears in the evidence, are yet unpaid. And the auditor being of opinion, that the assignment by Amos Green, as survivor of J. Wheaton, to Henry Stephens, and the issue directed at his instance, would not be conclusive on the legal representatives of Wheaton, especially as they may yet be compelled to pay the whole balance of the money due to Dr. Rose, has applied the money remaining in the hands of the sheriff (being the same ruled into court) to the judgment in favour of J. Wheaton and Amos Green."

To this report exceptions were filed by David Cash, and by the plaintiff in the execution on which the money in court was made, who was an endorsee of Wm. Myer. The court below decreed the money to be appropriated to the Myer judgment, as awarded in the first report of the auditor; and from this decree Mr. Cash appealed. The exceptions taken in this court were—

1. The court erred in applying the money to a judgment which was satisfied.

2. The court erred in not appropriating the money to the judgment owned by Mr. Cash.

*Ellwell*, for the appellant, cited 8 Watts, 313.

Per Curiam. The money ought, in truth, to have been awarded to the judgment of Green; but, as he has not appealed, nothing can be done for him here. The question was between Myer and Green, in the court below, to the one or the other of whom the money certainly belonged, and Cash had no colour of claim to it. His argument, that the judgment in the feigned issue between Myer and Green threw the latter out of the battle, and left it to be waged by Myer, who had clearly no right, is unsound. A judgment is an estoppel only between parties or privies; never in favour of a stranger. As the only appeal taken has actually failed, the decree is left to stand as it was rendered in the court below.

Decree affirmed.