Hesselman *v.* Somerset Community Hospital et al., Appellants.

314

Argued April 14, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Francis A. Dunn*, with him *Frank A. Orban, Jr.*, for appellants.

*Archibald M. Matthews,* for appellee.

OPINION BY WRIGHT, J., June 11, 1964:

This is a workmen's compensation case. The Referee found that an accident had occurred in the course of claimant's employment, and made an award for total disability for a period of nine months and thereafter for partial disability at the rate of twenty-five percent. Both employer and claimant appealed to the Workmen's Compensation Board, which affirmed the action of the Referee in making an award, but found that claimant's disability continued to be total. Upon appeal by the employer to the Court of Common Pleas of Somerset County, the Board's determination that a compensable accident had occurred was sustained. However, the court below concluded claimant's disability did not continue to be total and directed that judgment be entered "in accordance with the award as made by the Referee". The employer and its insurance carrier have appealed to this court. The claimant did not appeal.

The record discloses that Henry J. Hesselman, the claimant, had been employed for a number of years by the Somerset Community Hospital as an orderly. He worked on a shift commencing at 3:00 p.m. On February 19, 1960, at 2:50 p.m., claimant slipped and fell as he was reaching for the knob of a door leading from an alley to the hospital laundry building. The injury which resulted was diagnosed as a "comminuted oblique fracture of the surgical neck of the left humerus". It is the contention of the appellants that, at the time of the accident, claimant was not in the course of his employment within the meaning of Section 301(c) of The Pennsylvania Workmen's Compensation Act. Act of June 2, 1915, P. L. 736, Section 301(c), 77 P.S. 411.

The main hospital building is located on South Center Street in the Borough of Somerset and ex-

tends eastward between Patriot Street to the north and Church Street to the south. At the rear of the main building is an unnamed alley which runs north to south between Patriot and Church Streets. On the east side of this alley are other buildings used in conjunction with the hospital, particularly a laundry. The second floor of the laundry building extends west across and above the alley to connect with the second floor of the main building. The door which claimant was about to enter opens into the alley from the first floor of the laundry building. It was claimant's custom on his way to work to travel east on Patriot Street to the alley, turn right or south down the alley and enter the laundry building by the door in question. Prior to the accident snow had fallen and the surface of the alley was in an icy condition.

The sole question which we are required to determine on this appeal is whether the record sustains the finding of the compensation authorities that claimant was in the course of his employment at the time of the accident. We answer this question in the affirmative. It is our view that, when claimant reached the alley, he was on his employer's premises for the purposes of workmen's compensation.

The pertinent provision of Section 301(c) of the statute reads as follows: "The term 'injury by an accident in the course of his employment' . . . shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's

presence thereon being required by the nature of his employment". Whether a claimant was injured in the course of his employment is a question of law to be determined on the basis of the facts: *Wolfingbarger v. Addressograph-Multigraph Corp.*, 188 Pa. Superior Ct. 136, 146 A. 2d 309. The phrase "course of employment" is to receive a liberal construction: *Haas v. Brotherhood of Transportation Workers*, 158 Pa. Superior Ct. 291, 44 A. 2d 776, and the evidence must be viewed in the light most favorable to the claimant who has the Board's decision: *Everitt v. Baker Refrigerator Co.*, 197 Pa. Superior Ct. 611, 180 A. 2d 114.

Appellants argue that claimant fell in a public alley on his way to work and was not then engaged in furthering the business or affairs of his employer. As a general rule, an employe who is injured on his way to work, and before reaching his employer's premises, cannot recover: *Giallonardo v. St. Joseph's College*, 177 Pa. Superior Ct. 87, 111 A. 2d 178. In the *Giallonardo* case, having alighted from a trolley car, claimant fell on the public sidewalk. In denying recovery we distinguished cases wherein the injury occurred while the employe was on a private way controlled by the employer and used in its business. See *Kasavage v. State Workmen's Insurance Fund*, 109 Pa. Superior Ct. 231, 167 A. 473; *Dougherty v. Bernstein & Son*, 160 Pa. Superior Ct. 587, 52 A. 2d 370; *Grazer v. Consolidated Vultee Aircraft Co.*, 161 Pa. Superior Ct. 434, 55 A. 2d 538. A factual situation markedly similar to that in the instant case was presented in *Feeney v. Snellenburg & Co.*, 103 Pa. Superior Ct. 284, 157 A. 379, in which the claimant was injured on the sidewalk of a private street under the control of the employer a few feet from the store entrance which she was required to use. The street in question was bordered on both sides by the employer's store buildings, which were connected over the street above the first floor. We

sustained a finding by the compensation authorities that the sidewalk was used as an integral part of employer's premises.

In the case at bar, for all practical purposes, the alley was hospital property. It was cared for and maintained by the hospital, and claimant was required to use it as a means of access to the laundry building. The fact that, at the time of the accident,[1] the public may also have had the right to use the alley, does not prevent claimant from successfully asserting that it was a part of the employer's premises within the purview of the statute. In *Meucci v. Gallatin Coal Co.,* 279 Pa. 184, 123 A. 766, the word premises was held to include a public road used and maintained by the employer for the operation of its business and affairs. In *Eberle v. Union Dental Co.,* 182 Pa. Superior Ct. 519, 128 A. 2d 136, affirmed 390 Pa. 112, 134 A. 2d 559, although recovery was denied on another ground, we held that a driveway across a public sidewalk was a part of the employer's premises. And in *Strunk v. E. D. Huffman & Sons,* 144 Pa. Superior Ct. 429, 19 A. 2d 539, recovery was allowed for a fatal accident which occurred while claimant's decedent was crossing a public road separating the employer's properties.

Before concluding, we will briefly refer to claimant's contention that, since the question whether his disability is total or partial is one of fact,[2] the lower court erred in disturbing the Board's determination of that issue. Claimant is precluded from advancing this contention because he did not appeal: *Hartman v. Pennsylvania Water & Power Co.,* 317 Pa. 417, 176 A. 437; *Young v. Mathews Trucking Corp.,* 383 Pa. 464, 119 A. 2d 239; *Exner v. Gangewere,* 397 Pa. 58, 152 A.

---

[1] The alley has since been vacated.

[2] *Spina v. Gahagan Construction Corp.,* 184 Pa. Superior Ct. 420, 135 A. 2d 760; *Bobbouine v. Rex Shoe Co.,* 200 Pa. Superior Ct. 273, 188 A. 2d 848.

2d 458. See also *Cash's Appeal*, 1 Pa. 166. In a supplemental memorandum, claimant argues that he may nevertheless raise the question because it is one of jurisdiction, citing *Kurtz v. Enterprise Telephone Co.*, 111 Pa. Superior Ct. 546, 170 A. 337, and *Globe Solvents v. Nouskhajian*, 148 Pa. Superior Ct. 202, 24 A. 2d 687. Those cases concern jurisdiction of the subject matter, and are not here pertinent. The court below has jurisdiction of appeals from the board under Section 427 of the statute (77 P.S. 872). "Jurisdiction relates solely to the competency of the particular court or administrative body to determine controversies of the general class to which the case then presented for its consideration belongs": *Delaware River Port Authority v. Pa. P. U. C.*, 408 Pa. 169, 182 A. 2d 682. And see *Simpson v. Simpson*, 404 Pa. 247, 172 A. 2d 168; *Greensburg School District Appeal*, 403 Pa. 243, 169 A. 2d 774.

Judgment affirmed.