Shaffer, Appellant, *v.* Somerset Community Hospital.

Argued April 13, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Archibald M. Matthews,* for appellant.

*Francis A. Dunn,* with him *Frank A. Orban, Jr.,* for appellees.

OPINION BY WRIGHT, J., June 17, 1965:

This is a workmen's compensation case. The Referee made an award in favor of the claimant. The Board sustained an appeal by the defendants, and dismissed the claim petition. The Court of Common Pleas of Somerset County affirmed the Board, and entered judgment for the defendants. The claimant has appealed to this court.

Sara E. Shaffer was employed by the Somerset Community Hospital as a licensed practical nurse. Her home was some four miles distant and, since public transportation was not available, she was obliged to drive to work. The property of the hospital covers an entire block. A portion of the property within this block, and adjacent to the main hospital building, was

designated as a parking lot. Use of this parking lot was restricted to hospital personnel. A sign was erected to that effect and hospital employes, including Mrs. Shaffer, were given parking stickers for their automobiles. On the "real icy" morning of February 11, 1963, shortly before seven o'clock, which was the hour on which she was to commence work, Mrs. Shaffer parked her car in the parking lot. As she was walking from the front to the rear of the car, she slipped and fell on the ice and fractured her left ankle. The Referee awarded compensation for sixteen weeks total disability, plus reimbursement for medical and hospital bills.

The Board's decision, reversing the Referee, was based on the following substituted finding of fact (italics supplied) : "Fifth: That the parking lot where the accident occurred *was a part of the premises* of defendant, but did not form an integral part of defendant's business, nor was it essential in the conduct of defendant's business". We are all of the opinion that the Board adopted an approach which was too narrow in concept. On this record, the Board's refusal to find for the claimant was a capricious disregard of the uncontradicted evidence. Cf. *Adams v. Dunn,* 192 Pa. Superior Ct. 319, 162 A. 2d 42. Whether the ground on which claimant stepped from her automobile was a part of the employer's premises and whether claimant was injured in the course of her employment, are questions of law and subject to judicial review: *Strunk v. E. D. Huffman & Sons,* 144 Pa. Superior Ct. 429, 19 A. 2d 539. See also *Dougherty v. Bernstein & Son,* 160 Pa. Superior Ct. 587, 52 A. 2d 370.

The case of *Young v. Hamilton Watch Co.,* 158 Pa. Superior Ct. 448, 45 A. 2d 261, principally relied upon by the Board and the court below, presented a different factual situation. The parking lot there under consideration did not adjoin the employer's plant, which was surrounded by a fence and policed by guards. It was

separated from the plant by a public highway. Our court held that, while the parking lot was owned by the employer, it was not a part of the employer's premises for the purpose of workmen's compensation. The *Young* case is not here controlling.

In determining the instant appeal, we may not close our eyes to the needs of present day society. The automobile has become the universal means of transportation. A hospital must of necessity have a parking lot. Its presence is essential to the doctors and to the hospital personnel, frequently called under emergency conditions. In the case at bar, the parking lot was clearly an integral part of the hospital premises. We perceive no merit in the argument of the insurance carrier that claimant did not have any duties to perform on the parking lot. She was on the premises of her employer when she was injured, and the Board so found. The fact that her actual duties were in the hospital building itself does not affect her right to compensation. Cf. *Grazer v. Consolidated Vultee Aircraft Co.*, 161 Pa. Superior Ct. 434, 55 A. 2d 538, in which the *Young* case is distinguished. In *Bobbouine v. Rex Shoe Co.*, 200 Pa. Superior Ct. 273, 188 A. 2d 848, we affirmed without question an award for disability resulting from a fall on the employer's parking lot.

It is interesting to note that the hospital property here involved was considered by us recently in *Hesselman v. Somerset Community Hospital*, 203 Pa. Superior Ct. 313, 201 A. 2d 302. In that case, a hospital orderly on his way to work slipped and fell as he was reaching for the knob of a door leading from an alley to the hospital laundry building. We held that the claimant was in the course of his employment at the time of the accident, even though the alley (since vacated) was at that time open for use by the public. The following statement from our opinion in the *Hesselman* case is here pertinent. "It is our view that, when

claimant reached the alley, he was on his employer's premises for the purposes of workmen's compensation".

Judgment reversed, and the record is remanded to the court below for the entry of a judgment in favor of the claimant.