Naomi Fetzer, et al. *v.* Michrina.

274

Argued February 9, 1973, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*Richard F. Stevens,* with him *Butz, Hudders & Tallman,* for appellants.

*W. F. Steigerwalt,* for appellee.

OPINION BY JUDGE BLATT, March 26, 1973:

Naomi Fetzer (claimant) was employed by Josephine Michrina (employer) to do various jobs about the bar owned by the employer. She usually worked in the kitchen, preparing sandwiches for the customers, and her normal working hours were between 5:00 p.m. and 1:00 a.m. She had suffered a leg injury which made it difficult for her to walk, and many times after work she stayed overnight with her employer, who

lived above the bar. The claimant, herself, lived in a building located a short distance down the alley behind the employer's bar.

It was agreed that on January 31, 1970, the claimant worked in the kitchen preparing food until approximately 1:00 a.m., and she did some clean-up work until about 1:15 a.m. The employer testified that she saw the claimant in the kitchen at about 1:15 a.m. or 1:20 a.m. putting on a pair of oversized boots as if to leave. The testimony on the record, however, was that no one saw the claimant after 1:15 a.m. or 1:20 a.m. until about 1:45 a.m., when the bartender testified that he saw her coming into the bar from the back of the building with her coat on. Both the kitchen and the back door are located in that part of the building. The testimony of the bartender and the employer was that they had not looked into the kitchen between 1:15 a.m. or 1:20 a.m. and 1:45 a.m. and so neither could say whether or not the claimant had remained there during that time period. Upon her reappearance in the bar at 1:45 a.m., however, they said that she had a drink, purchased a four-pack of beer and then left by the back door. The bartender testified that he found the claimant shortly after 2:00 a.m. at the foot of a flight of stairs outside the back of the bar with one foot on the bottom step and her head and one shoulder resting against a concrete wall. It was testified that she had suffered head injuries, including a subdural hematoma of the left side of the brain which rendered her unconscious, and she has remained in that condition. Her physician's prognosis was that she would continue to remain in such coma for the rest of her life.

The claimant[1] filed a claim petition with the Workmen's Compensation Board (Board); a hearing was

---

[1] The petition was filed on the claimant's behalf by her husband, William H. Fetzer.

conducted by a referee, and the referee awarded compensation. The employer then filed an appeal with the Board, but, during the pendency of that appeal, the employer also filed a petition for rehearing asserting that the referee should hear two witnesses who could establish the whereabouts of the claimant between 1:15 a.m. and 1:45 a.m. One witness was the employer herself, who had testified at the hearing before the referee, and the other was Clare Schultz (Schultz), who had not. It was alleged that they would both testify that they had seen the claimant leave the bar at 1:15 a.m. by the back door, proceed to her own home and subsequently return.

The Board, in a single order, denied the petition for a rehearing and affirmed the referee's decision. The employer appealed to the Court of Common Pleas of Lehigh County, but that court upheld the action of the Board. We must affirm.

Our scope of review where, as here, the Board has made an award in favor of the claimant, "is to determine whether or not there is substantial evidence to support the findings of the Board, giving to the claimant, who has the award, the benefit of the most favorable inferences deducible from the testimony." *Bambrick v. Asten Hill Mfg. Co.*, 5 Pa. Commonwealth Ct. 664, 666, 291 A. 2d 354, 355 (1972).

The Board did not err by denying the petition for a rehearing. An order denying a rehearing is within the Board's discretion and is reversible only for an abuse of discretion. *Gould v. Wood*, 200 Pa. Superior Ct. 186, 186 A. 2d 412 (1962). "The purpose of a rehearing is to take testimony not offered at the original hearing, either because it was not available, or because of some actual disability of the petitioner existing at the time." *Powell v. Sonntag*, 159 Pa. Superior Ct. 354, 361, 48 A. 2d 62, 66 (1946). The petitioner must aver that the

alleged evidence was obtained after the hearing and that, even by the exercise of ordinary diligence, it could not have been presented at the hearing. *Schach v. Hazle Brook Coal Company,* 130 Pa. Superior Ct. 430, 198 A. 464 (1938).

The petition of the employer for a rehearing in this case does not meet the above criteria. As to the proposed testimony of Schultz, there is no averment that the testimony which she would present could not have been discovered prior to the hearing by the exercise of ordinary diligence. As the Board pointed out, it was unlikely that Schultz, if a customer, could have been in the bar between 1:15 a.m. and 1:45 a.m., after closing, without having been noticed. As to the proposed testimony which the employer herself wishes to present, it is completely contradictory of her testimony at the hearing before the referee. The Board, therefore, did not abuse its discretion by denying the petition.

As to the claimant's compensability, of course, it is not the usual practice to award compensation for injuries suffered by employees going to or from their work. An exception has apparently been made, however, for accidents occurring on the employer's premises. "It is not necessary to entitle a claimant to compensation that the injury be sustained while the employee is actually engaged in the work he was hired to do . . . and the fact that an employee has not started his actual work is immaterial if at the time of the accident he is in fact on the premises of his employer. . . . He is considered to be within the course of his employment if on the 'premises' where he is employed a reasonable length of time before the hour fixed to commence his duties." *Wolsko v. American Bridge Company,* 158 Pa. Superior Ct. 339, 345, 44 A. 2d 873, 875-876 (1945). The court in *Wolsko, supra,* went on to state that for an accident to be considered as happening

on the "premises" of the employer, it "must have occurred on property owned, leased or controlled by the employer and so connected with the business in which the employee is engaged as to form a component or integral part of it." 158 Pa. Superior Ct. at 343, 44 A. 2d at 875. Although this case cited was one where the accident occurred prior to the beginning of the employer's work day, it would also appear applicable to accidents which occur after the end of the working day. "The fact that an employee has not started or has finished his actual work is immaterial if at the time of the accident he is in fact on the premises of his employer." *Molek v. W. J. Rainey, Inc.,* 120 Pa. Superior Ct. 95, 102, 181 A. 841, 844 (1935).

In some cases, where compensation has been denied to employees injured on the property of the employer either before or after work, the circumstances can be distinguished. In *Young v. Hamilton Watch Co.,* 158 Pa. Superior Ct. 448, 45 A. 2d 261 (1946), an employee was injured when he slipped on his way to work in a parking lot owned by his employer. This parking lot, however, was separated by a public highway from the building where the employee worked, and over which the employee had to cross to reach the parking lot. The Court held that the injury was not compensable because, although it occurred on the employer's property, it did not occur on the employer's "premises." *Eberle v. Union Dental Company,* 390 Pa. 112, 134 A. 2d 559 (1957), involved an employee who left the building where he worked, walked down a public sidewalk on his way home and slipped on a driveway which crossed the sidewalk and led to a loading door used by his employer. The Supreme Court did not decide whether or not this accident had occurred on the employer's premises, but denied compensation because the employee failed to show that this presence on the drive-

way was required by the nature of his employment, or that it was even necessary for him to cross that driveway when leaving work.

Two cases which are perhaps more applicable to the present situation are *Shaffer v. Somerset Community Hospital,* 205 Pa. Superior Ct. 419, 211 A. 2d 49 (1965), and *Hesselman v. Somerset Community Hospital,* 203 Pa. Superior Ct. 313, 201 A. 2d 302 (1964). In both of these cases, the employees slipped on ice while on their way to work. In *Shaffer, supra,* the accident was in a parking lot immediately adjacent to the employing hospital and in *Hesselman, supra,* it occurred in an alley outside the door to the building in which the employee worked. The court held in both cases that the accidents occurred in places which were means of access to and from the actual place of employment, and, therefore, that the injuries were compensable.

A reading of the above and other cases would indicate that an accident is compensable if it occurs on the "premises" of the employer and if the employee's presence on such premises was required by the nature of his employment. It is immaterial if the accident occurred before or after the hours of employment, provided that an unreasonable amount of time has not elapsed before or after and the presence of the employee on the premises is reasonably related to the course of his employment. The term "premises" is to be understood to include, not all of the employer's property, but only those portions thereof which are in or immediately adjacent to the employer's place of business where the employee concerned is employed, or which constitute a reasonable means of access thereto.

Here, the referee and the Board evidently believed that the claimant remained in the kitchen for about thirty minutes after she had finished her clean-up duties, had a drink in the bar, and then left by the back

door. Her presence on the employer's premises for the additional period of time involved was neither unreasonable nor unusual. She used the back stairway to the alley, which stairway and alley the employer testified were hers, as her usual and necessary means of access and egress. The accident occurred, therefore, on the premises of the employer, and the Board did not err by finding that the claimant's presence there at the time concerned was reasonable and within the course of her employment.

For the above reasons, therefore, we affirm the order of the court below.