Ingersoll-Rand Company and Pennsylvania Manufacturers' Association Insurance Company, Insurance Carrier, Appellants, v. Workmen's Compensation Appeal Board and Joseph C. Taylor, Appellees.

Submitted on briefs, January 11, 1974, to Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Maurice L. Epstein,* for appellants.

*M. J. DeSisti,* for appellees.

OPINION BY JUDGE KRAMER, March 11, 1974:

This is an appeal filed by Ingersoll-Rand Company (Ingersoll-Rand) from an order of the Workmen's Compensation Appeal Board (Board) dated July 19, 1973, in which the Board affirmed the referee's findings and conclusions, which adjudication awarded workmen's compensation benefits to Joseph C. Taylor (Taylor).

Taylor had been an assembly worker for Ingersoll-Rand for approximately 16 years. On January 21, 1971, after Taylor had parked his automobile in Ingersoll-Rand's parking lot, which is located across the street from the plant, he slipped and fell within said parking lot on ice covered by snow sustaining injuries to his

back. Although the record is filled with evidence concerning Taylor's work and the injuries he sustained, the pertinent facts upon which this case turns are contained in a stipulation set forth by counsel for Ingersoll-Rand in the record which reads as follows: "I said this was a *parking lot under the control of Ingersoll-Rand for the use and benefit of its employes*; that he parked his car there at 6:45 on the morning of January 21, 1971 prior to his normal shift which began on that particular day at 7 a.m.; that he crossed the public thoroughfare, namely, Pennsylvania Avenue before he gained entrance to his actual place of employment at the Ingersoll Rand plant." (Emphasis added.) The record also indicates that Taylor used this parking lot each working day for the many years he worked for Ingersoll-Rand.

The law is clear that an employe may recover workmen's compensation benefits for disability resulting from an injury sustained on the employer's "premises." The sole and very narrow issue presented to this Court is whether an injury sustained by an employe on a parking lot owned by the employer, but separated from the employer's actual business operation or plant by a public thoroughfare or street has occurred on the employer's "premises." Since all of the facts are agreed to by the parties, the issue becomes a question of law. As was stated in *Shaffer v. Somerset Community Hospital*, 205 Pa. Superior Ct. 419, 421, 211 A. 2d 49, 50 (1965): "Whether the ground on which the claimant stepped from her automobile was a part of the employer's premises and whether claimant was injured in the course of her employment, are questions of law and subject to judicial review. . . ." In *Shaffer, supra,* the court noted that the claimant, a hospital worker, slipped on ice in the parking lot of the hospital which was adjacent to the hospital building. The court there was also faced with the question of whether a parking lot was a part of the

premises of the hospital. The *Shaffer* court acknowledged that it had held in *Young v. Hamilton Watch Co.*, 158 Pa. Superior Ct. 448, 45 A. 2d 261 (1946) that a parking lot which was separated from the employer's plant by a public highway was not part of the employer's premises. The *Shaffer* court discounted its prior ruling with the following statement: "In determining the instant appeal, we may not close our eyes to the needs of present day society. The automobile has become the universal means of transportation. A hospital must of necessity have a parking lot. Its presence is essential to the doctors and to the hospital personnel, frequently called under emergency conditions. In the case at bar, the parking lot was clearly an integral part of the hospital premises. We perceive no merit in the argument of the insurance carrier that claimant did not have any duties to perform on the parking lot. She was on the premises of her employer when she was injured, and the Board so found. The fact that her actual duties were in the hospital building itself does not affect her right to compensation." 205 Pa. Superior Ct. at 422, 211 A. 2d at 50. It is interesting to note that in *Hesselman v. Somerset Community Hospital*, 203 Pa. Superior Ct. 313, 201 A. 2d 302 (1964), our Superior Court held that where the worker, while still physically on a public thoroughfare but attempting to gain admission to his hospital employer's laundry building, was on the premises of his employer for the purposes of the workmen's compensation law.

The effective workmen's compensation statutory provision is found in the Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, §301, as amended, 77 P.S. §411, wherein it is stated in pertinent part: "The term 'injury by an accident in the course of his employment,' as used in this article . . . shall include all injuries caused *by the condition of the premises* or by the operation of the employer's business or affairs thereon,

sustained by the employe, who, though not so engaged, [i.e., in the furtherance of the business of the employer] *is injured upon the premises* occupied by or *under the control of the employer,* or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment."

The word "premises" as found in the statute has been interpreted to include a driveway used by trucks in the employer's service even though it crossed a public sidewalk. It even may cover a public road used and maintained by the employer for the operation of his business if an accident occurred on an integral part of the defendant's property and such place could be regarded as part of the employer's premises under the Workmen's Compensation Act. *See Eberle v. Union Dental Company,* 182 Pa. Superior Ct. 519, 128 A. 2d 136 (1956). Ingersoll-Rand relies upon the *Eberle* decision because the result in that case ran against the claimant. In *Eberle,* the claimant was on his way home after work and was injured after stepping from the foot of the employer's stairs onto a public sidewalk. The court concluded that once he reached the public thoroughfare on his way home, he was outside the scope of his employment. In this case, however, for approximately 16 years Taylor used Ingersoll-Rand's parking lot which it provided for the convenience of its employes. Ingersoll-Rand contends that since a public street separates the parking lot from its plant, the parking lot is not a part of its premises within the purview of the Workmen's Compensation Act. Ingersoll-Rand apparently agrees that if the parking lot was adjacent to its plant, it could be declared a part of the premises. We believe that to uphold Ingersoll-Rand's contention would be to reach a result not intended by the Act.

This Court recently, in the case of *Fetzer v. Michrina,* 8 Pa. Commonwealth Ct. 273, 301 A. 2d 924 (1973)

was faced with a similar situation. In that case, the employe was found at the foot of a flight of stairs outside the rear of the employer's tavern with one foot on the stairs and one shoulder resting on the sidewalk. We there quoted *Wolsko v. American Bridge Company*, 158 Pa. Superior Ct. 339, 345, 44 A. 2d 873, 875-876 (1945), where our Superior Court stated: "It is not necessary to entitle a claimant to compensation that the injury be sustained while the employee is actually engaged in the work he was hired to do . . . and the fact that an employee has not started his actual work is immaterial if at the time of the accident he is in fact on the premises of his employer. . . . He is considered to be within the course of his employment if on the 'premises' where he is employed a reasonable length of time before the hour fixed to commence his duties." (Citations omitted.)

We recognize that this is a close legal issue. A reading of the record permits us to conclude that the subject parking lot was an integral part of Ingersoll-Rand's business operation. We have carefully reviewed the record and the applicable law, and while recognizing that it presents a very narrow and close question of law, we hold that the Board did not commit an error of law. We therefore

### ORDER

AND Now, this 11th day of March, 1974, it is hereby ordered that judgment be entered in favor of Joseph C. Taylor and against Ingersoll-Rand Company and/or its insurance carrier for compensation for total disability at the rate of $60.00 per week from January 22, 1971 to February 25, 1971, inclusive; compensation payments to be suspended from February 25, 1971 to August 1, 1971; compensation to be paid at the rate of $45.00 per week from August 2, 1971 to March 31, 1972, inclusive; and compensation to be paid at the rate of $60.00 per week beginning April 1, 1972, continuing indefinitely

thereafter; all within the terms and limits of the Pennsylvania Workmen's Compensation Act, including legal interest on deferred installments; including the following medical and hospital bills: Guthrie Clinic, Sayre, Pennsylvania, the sum of $16.20; Robert Packer Hospital, Sayre, Pennsylvania, the sum of $305.15; and to the claimant the sum of $10.35 for medicines.