Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Mary Sebastiani *v.* Alfred J. Levy, t/a Lily Shop, Appellant.

Argued October 29, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Raymond F. Keisling,* with him *Will & Keisling,* for appellants.

*Peter F. Troglio,* with him *James N. Diefenderfer,* for appellee.

OPINION BY JUDGE BLATT, March 11, 1976:

This is an appeal by Alfred J. Levy, trading as the Lily Shop, and the Home Insurance Company (appellants) from a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's grant of benefits to the claimant, Mary Sebastiani.

The facts of this case are not in dispute and are that the claimant was on her way to work at the Lily Shop on January 3, 1974 when she slipped and fell on the icy sidewalk and struck her head on the employer's building.

The sole question presented upon appeal is whether or not the claimant was in the course of her employment at the time of the accident. If she was, she is entitled to benefits.

In workmen's compensation cases, our scope of review is limited to a determination of whether or not constitutional rights were violated, an error of law was committed or a necessary finding of fact was not supported by substantial evidence. In this case, the Board did not take additional evidence. The facts, therefore, as found by the referee, and if based upon competent and sufficient evidence, are binding upon both the Board and this Court. *Dunlap v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 19, 330 A.2d 555 (1975) ; *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

The Pennsylvania Workmen's Compensation Act (Act)[1] provides benefits to individuals sustaining injuries

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1, et seq.

in the course of their employment, and Section 301(c) of the Act, 77 P.S. §411(1), defines "injuries arising in the course of employment" as

> "injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and *shall include all injuries caused by the condition of the premises* or by the operation of the employer's business or affairs thereon, *sustained by the employe who,* though not so engaged, *is injured upon the premises occupied by or under the control of the employer,* or upon which the employer's business or affairs are being carried on, *the employe's presence thereon being required by the nature of his employment."* (Emphasis added.)

There is substantial case law[2] providing that an employee on his or her way to work suffers a compensable injury if the accident occurs on the employer's premises. The employee need not as yet be actually engaged in the employer's work, but is considered to be injured within "the course of employment" if the accident occurs on the premises of the employer a reasonable length of time before or after the time fixed for employment to begin or end. *Fetzer v. Michrina,* 8 Pa. Commonwealth Ct. 273, 301 A.2d 924 (1973); *Wolsko v. American Bridge Co.,* 158 Pa. Superior Ct. 339, 44 A.2d 873 (1945).

The term "premises" has been defined as being those portions of an employer's property "which are in or immediately adjacent to the employer's place of business . . . or which constitute a reasonable means of access thereto." *Fetzer, supra,* 8 Pa. Commonwealth Ct. at 279,

---

2. Section 301(c) of the Act was revised by amendment in 1972. However, in *Workmen's Compensation Appeal Board v. Borough of Plum,* 20 Pa. Commonwealth Ct. 35, 340 A.2d 637 (1975), we determined that prior case law interpretations as to what injuries will be considered to have occurred "in the course of employment" remain in full force and effect.

301 A.2d at 927. In *Hesselman v. Somerset Community Hospital*, 203 Pa. Superior Ct. 313, 201 A.2d 302 (1964), the claimant in a workmen's compensation case had slipped and injured himself on ice in an alleyway adjacent to his employer's property while attempting to enter his employer's place of business by way of a door located off the alley. The court held that the claimant "was on his employer's premises for the purpose of workmen's compensation." *Hesselman, supra,* 203 Pa. Superior Ct. at 316, 201 A.2d at 304.

On the other hand, in *Workmen's Compensation Appeal Board v. Hentish,* 20 Pa. Commonwealth Ct. 574, 341 A.2d 926 (1975), the employer was a tenant on the second and third floors of a building and the owner-landlord occupied the first floor. The sidewalk there was held not to be part of the "premises" of the employer. In the instant case, where the claimant was attempting to cross the sidewalk in front of her employer's business place in order to reach the employee's entrance located in an adjacent alleyway, the deed to the employer's property was introduced into evidence to show that he was both the owner and occupier of the building, including the ground floor. The deed description of the property included the sidewalk upon which the claimant slipped and fell. Here, therefore, the employer owned, occupied and controlled the premises, as required by Section 301(c) of the Act, and the claimant was clearly injured on the employer's premises.

Moreover, because the claimant was on her way to work, her presence on the employer's premises was "required by the nature of employment," as that phrase is used in the statute. *Workmen's Compensation Appeal Board v. L. L. Stearns & Sons,* 20 Pa. Commonwealth Ct. 244, 341 A.2d 543 (1975).

We find that there is sufficient evidence on the record to support the findings of the referee and that no errors

of law have been committed. We, therefore, issue the following

ORDER

AND NOW, this 11th day of March, 1976, the decision of the Workmen's Compensation Appeal Board, awarding compensation to Mary Sebastiani, is hereby affirmed. Accordingly, judgment is hereby entered in favor of Mary Sebastiani. Alfred J. Levy, t/a Lily Shop and/or the Home Insurance Company, Insurance Carrier, are hereby ordered to pay to the claimant compensation at the rate of $53.00 per week commencing January 4, 1974 and continuing until March 24, 1974, inclusive, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.

It is further ordered that Alfred J. Levy, t/a Lily Shop and/or the Home Insurance Company shall reimburse Blue Cross/Blue Shield the sum of $179.70 for sums expended for claimant's work-related injury in accordance with the provisions of the Act.

It is further ordered that Alfred J. Levy, t/a Lily Shop and/or the Home Insurance Company shall reimburse the claimant the sum of $90.20 for medical and prescription expenses paid by her as a result of her work-related injury in accordance with the provisions of the Act.

The above award is to bear interest at the rate of 10% per annum on all deferred payments of compensation in accordance with the provisions of the Act.

President Judge BOWMAN and Judge MENCER dissent.