282

Clifford M. Schofield, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Ohio Rubber Company, Respondents.

Submitted on briefs, September 14, 1978, to Judges CRUMLISH, JR., ROGERS and CRAIG, sitting as a panel of three.

*Robert L. Walker,* with him *Walker, Shafer, Dorn-haffer, Swick & Bailey,* for petitioner.

*John Fuller,* with him *Eckels, Blystone, Fuller, Kinnunen & Smith,* and *James N. Diefenderfer,* for respondent.

OPINION BY JUDGE CRUMLISH, JR., December 18, 1978:

Clifford M. Schofield (Claimant) appeals a decision of the Workmen's Compensation Appeal Board (Board) affirming the referee's dismissal of his claim petition.

It was stipulated that Claimant was employed by the Ohio Rubber Company (Employer) whose plant and facilities abut a right-of-way of the Bessemer & Lake Erie Railroad Company (Railroad). The principal means of access to Employer's property is provided by a private crossing over Railroad's right-of-way[1] which is identified by a sign erected by Railroad designating it as a "private crossing," and a flood-lit sign erected and maintained by Employer reading, "Danger, Unprotected Railroad Crossing." On February 9, 1972, Claimant, while driving an automobile over the private crossing to report for work, was injured when a train collided with the vehicle. The injuries disabled him until June 19, 1972.

On this evidence, the Board determined that Claimant's injuries were not sustained in the course of his employment and therefore were not compensable under Section 301(c) of The Pennsylvania Workmen's Compensation Act (Act).[2] On appeal, Claimant con-

---

[1] Employer is a successor in interest to an agreement granting an easement over Railroad's right-of-way.

[2] Section 301(c) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411, provides for two distinct categories of compensable injuries arising in

tends that the private crossing is a part of Employer's premises within the meaning of the Act and that he is thereby entitled to compensation for his injuries. We agree and reverse the Board's decision.[3]

Since Claimant was not actually working at the time of the accident, his eligibility for compensation is first dependent upon whether or not the accident occurred on the "employer's premises" within the intendment of the Act. "Employer's premises" embraces property that is so connected with an employer's business as to form a component or integral part of it notwithstanding the vesting of title to the property in a third party. *Epler v. North American Rockwell Corp.*, Pa. , 393 A.2d 1163 (1978).

We have defined employer's premises to include reasonable means of access to the situs of an employer's business operation. *Workmen's Compensation Appeal Board v. Levy*, 23 Pa. Commonwealth Ct. 658, 354 A.2d 7 (1976); *Fetzer v. Michrina*, 8 Pa. Commonwealth Ct. 273, 301 A.2d 924 (1973). As its usual manner of ingress and egress, the crossing here constituted an integral part of Employer's business and is part of its premises for the purpose of determining liability hereunder.

---

the course of employment: those sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether sustained by an employee on or off the employer's premises; and those sustained by an employee on his employer's premises that are caused by the condition of the premises or by the operation of his employer's business or affairs thereon, provided that the employee's presence is required thereon by the nature of his employment.

[3] Where all facts are agreed upon, whether or not an injury occurred on the employer's premises is ultimately a question of law and subject to judicial review. *Ingersoll-Rand Co. v. Workmen's Compensation Appeal Board*, 12 Pa. Commonwealth Ct. 502, 316 A.2d 673 (1974).

Though Section 301(c) requires that compensable injuries be caused by the condition of the premises or the operation of Employer's business thereon, Claimant need not establish that his injuries were caused by *faulty* conditions.[4] Here, the location of the private crossing over Railroad's right-of-way constituted a condition of the premises that exposed Claimant to a special hazard which ultimately caused his injuries. The necessity of Claimant's encountering this particular hazard having been created by Employer, Claimant's injuries were sustained directly because of his employment and are therefore compensable. *See Epler v. North American Rockwell Corp., supra.*

Accordingly, we

## ORDER

AND Now, this 18th day of December, 1978, it is hereby ordered that judgment be entered in favor of Clifford M. Schofield and against Ohio Rubber Company, and its insurance carrier, for compensation for total disability at the rate of $109.18 per week from February 9, 1972 to June 19, 1972, inclusive, including interest on deferred installments at the rate of ten percent (10%) per annum from due date thereof and for medical and hospital expenses expended by Clifford M. Schofield, to the sum of $2,300.50.

---

[4] We noted in *Workmen's Compensation Appeal Board v. United States Steel Corp.,* 31 Pa. Commonwealth Ct. 329, 336, 376 A.2d 271, 275 (1977):

> Concepts of fault and negligence are foreign to the purposes of workmen's compensation legislation to afford compensation to injured workers regardless of the employer's fault. We . . . find no authority for an argument that the worker must show some faulty condition or negligent operations in order to be compensated for injuries suffered while on his employer's premises.