Alice M. Brown, Petitioner *v.* Workmen's Compensation Appeal Board (Transworld Airlines), Respondents.

Argued October 6, 1982, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Joan Shoemaker*, with her *Edward G. Shoemaker, Adams, Hillen & Shoemaker,* for petitioner.

*Michael Relich*, with him *Leonard P. Kane, Fried, Kane, Walters & Zuschlag,* for respondent, Transworld Airlines.

OPINION BY JUDGE BLATT, January 17, 1983:

Alice M. Brown (claimant) appeals here from an order of the Workmen's Compensation Appeal Board which affirmed the referee's denial of benefits.

The facts are uncontroverted. The claimant, while in the employ of Transworld Airlines as a ticket agent-reservationist, worked on the third floor of the Chatham Center,[1] Pittsburgh, PA. On December 18, 1978, upon completing her shift shortly after midnight,

---

[1] The Chatham Center is a multi-purpose complex, which includes a restaurant, offices, snack shop and candy counter. Transworld Airlines rents a portion of the third floor of this complex.

the claimant took the elevator from the third floor to the lobby, and, while walking away from the access elevator, she slipped and fell on the newly waxed floor, sustaining injuries.

The sole issue for our determination[2] is whether or not the claimant was "on the employer's premises" within the intendment of Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act[3] (Act).

Section 301(c)(1) of the Act provides in relevant part that:

> The term injury arising in the course of his employment ... shall include ... injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment.

In construing the phrase "on the employer's premises", Pennsylvania courts have looked to whether or not the location of the accident was so connected with the employee's business or operating premises as to form an integral part thereof. *Epler v. North Ameri-*

---

[2] Where, as here, the party with the burden of proof has not prevailed before the Board, our scope of review is limited to a determination of whether or not constitutional rights were violated, an error of law was committed, or there has been a capricious disregard of competent evidence. *Harrigan v. Workmen's Compensation Appeal Board*, 40 Pa. Commonwealth Ct. 390, 397 A.2d 490 (1979).

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411(1).

*can Rockwell Corp.,* 482 Pa. 391, 393 A.2d 1163 (1978). It has been held that a reasonable means of access to the situs of the employer's business operation is such an integral part of an employer's business as to be encompassed within the definition of "premises" as that term is used in Section 301(c)(1) of the Act. *Interstate United Corp. v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 385, 424 A.2d 1015 (1981); *Workmen's Compensation Appeal Board v. Levy,* 23 Pa. Commonwealth Ct. 658, 354 A.2d 7 (1976). It follows, therefore, that it should not be significant that a portion of the area available for egress or ingress is not located upon land owned or controlled by the employer, inasmuch as the Act is not premised upon the wrongdoing or negligence of the employer, but rather is bottomed on the employment relationship. *Epler.*

In the instant case, the uncontradicted evidence indicates that the only means of egress from the employer's offices to the public street required passage through the lobby of the Chatham Center. And, the means of egress being a reasonable and necessary one, we believe that the injury occurred on the "premises" of the employer, as that term is used in Section 301 (c)(1) of the Act, and is therefore compensable.

The Board's reliance on the fact that the lobby was open to the public is misplaced.[4]

We will reverse the order of the Board, and remand for the computation of benefits.

---

[4] Contrary to the belief of the Board, the mere fact that the general public had a right to use the lobby of the Chatham Center does not prevent the claimant from successfully asserting that it was part of the employer's premises within the purview of the Act. *Hesselman v. Somerset Community Hospital,* 203 Pa. Superior Ct. 313, 201 A.2d 302 (1964). At the time of the injury, the claimant was using the lobby not as a member of the general public, but as an employee attempting to leave the employer's premises.

ORDER

AND Now, this 17th day of January, 1983, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed and remanded for the computation of benefits.