**James R. COCHRAN, Plaintiff,**

v.

**Joseph FEEKO, Defendant.**

**Civ. A. No. 89–8664.**

United States District Court,
E.D. Pennsylvania.

April 18, 1991.

---

the Pennsylvania Workmen's Compensation Act. For the reasons stated below, I grant defendant's motion.

## I.

Summary judgment is appropriate if there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Small v. Seldows Stationery,* 617 F.2d 992, 994 (3d Cir.1980). The court does not resolve questions of disputed fact, but simply decides whether there is a genuine issue of fact which must be resolved at trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Ettinger v. Johnson,* 556 F.2d 692 (3d Cir. 1977). The facts must be viewed in the light most favorable to the opposing party, and reasonable doubt as to the existence of a genuine issue of material fact is to be resolved against the moving party. *Continental Insurance Co. v. Bodie,* 682 F.2d 436, 438 (3d Cir.1982). However, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2511 (citations omitted). The inquiry is whether the evidence presents a sufficient disagreement to require submission to the jury, or whether it is so one-sided that one party must prevail as a matter of law. *Id.* at 252, 106 S.Ct. at 2512.

Louis Cambria, Philadelphia, Pa., for plaintiff.

James D. Rawlings, II, Bethlehem, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Defendant seeks summary judgment against plaintiff on the ground that plaintiff's negligence cause of action alleged in his complaint falls within the purview of

## II.

In this action, there is no genuine issue of material fact. On March 9, 1989, plaintiff and defendant, both employees of Blount International, had received their paychecks and went to the employee parking lot. In the lot, defendant allegedly struck plaintiff with his car as he was backing out of his parking slot. Plaintiff was fixing a flat tire on his car when defendant allegedly struck him. At no time did either party leave the employer's premises.

Also, it is undisputed that both employees were required to park their vehicles in the employer's parking lot as a mandatory condition of employment. (Affid. Will. N. Gibons, Admin. Mang. Blount Inter. March 7, 1991 and Defendant Affid. ¶ 7; Plaintiff. Depos. at p. 4, lines 13–21).

Plaintiff filed a Workers' Compensation Claim Petition against his employer, Blount International, on June 7, 1989 seeking recovery for injuries suffered during the accident with defendant. Referee Spizer presided over a hearing on this matter which concluded on May 24, 1990. In a letter dated May 31, 1990 plaintiff attempted to withdraw his claim.

On June 22, 1990, Referee Spizer issued findings of fact and an order which in pertinent part reads as follows: "the Claim Petition of James Cochran is APPROVED. The defendant is hereby ordered and directed to pay claimant compensation for total disability for the period March 9, 1989, through and including March 31, 1989, at the rate of $399.00 per week. It is further ordered that effective April 1, 1989, claimant's disability from the aforesaid compensable injury ceased and terminated." (Defendant Exhibit "A".)

Plaintiff filed an appeal to referee Spizer's award arguing that Mr. Cochran had withdrawn his claim petition before Referee Spizer issued his award. This appeal is pending.

### III.

Jurisdiction over plaintiff's claims is established by diversity of citizenship of the parties, 28 U.S.C. § 1332. My function is to apply the law of Pennsylvania. After reviewing the body of law addressing whether an employee's injuries caused by co-worker during an accident in the employer's parking lot after work hours is covered by the Workmen's Compensation Act, it is clear that I do not have the benefit of recent precedent from the Pennsylvania Supreme Court. Nonetheless, I must "predict the position which that court would take in resolving this dispute." *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 364 (3d Cir.1990).

As pointed out, there is no genuine issue of material fact in this action. Both parties are in agreement over the material facts raised in this motion. However, there is disagreement over whether this accident falls within the purview of the Pennsylvania Workmen's Compensation Act ("Act"), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 1 *et seq.* If it does, I must dismiss the pending civil action pursuant to the Act, 77 P.S. § 72 (Purdon 1981), which reads in pertinent part as follows: "If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong."

Defendant argues that the Pennsylvania Supreme Court's decision in *Epler v. North American Rockwell Corp.*, 482 Pa. 391, 393 A.2d 1163 (1978) is controlling. There, the court interpreted the reach of section 301(c)(1) of the Act which reads in pertinent part as follows:

> The term "injury arising in the course of his employment," as used in this article ... shall include all other injuries sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment.

In *Epler*, the municipality in which the employer's plant was located had banned on-street parking near the plant. This required the employer to establish a system for allotting its off-street parking facilities to its employees. Plaintiff was assigned a parking slot in an unpaved lot across a public street. After finishing his shift,

plaintiff was struck and killed by a car while crossing the public street on his way to his assigned parking slot.

In interpreting section 301(c)(1) the Pennsylvania Supreme Court held that "a parking lot is part of the employer's business premises, injuries occurring to an employee upon the lot are compensable when the employee's presence on the lot is temporally proximate to the hours of work." (citations omitted) *Id.* 393 A.2d at 1165–66. Moreover, the court went on to hold that "the critical factor is not the employer's title to or control over the area, but rather the fact that he had caused the area to be used by his employees in performance of their assigned tasks. The basis for the compensation is that the employee was in the area where the injury was sustained directly because of his employment. Since the Workmen's Compensation Act, supra., is not premised upon the wrongdoing or negligence of the employer, but rather is bottomed upon the employment relationship, there is no necessity to require a finding of ownership or control. It is sufficient if the employee is required to be in the area because of the employment." *Id.* 393 A.2d at 1167. This passage ended in a footnote which rejected the "restrictive reasoning" of the Commonwealth Court in interpreting this section as not extending coverage to plaintiff. *Id.* 393 A.2d at 1167 n. 2.

■ *Epler* has since been interpreted by the Commonwealth Court as holding that an employee injured during ingress or egress on a reasonable and necessary means of entry to work, whether or not that area is controlled or owned by the employer, is nonetheless covered under the Act. *See e.g. Brown v. W.C.A.B. (Transworld Airlines),* 71 Pa.Cmwlth. 220, 454 A.2d 1163 (1983). Similarly, ownership of entry is irrelevant when the employer requires employees to use an area for entry. *Naugle v. Workmen's Compensation Appeal Bd.,* 62 Pa.Cmwlth. 132, 435 A.2d 295 (1981) ("... the critical factor was not the

existence or absence of the employer's ownership or control over the area, but rather that the employer 'caused the [parking] area to be used by its employees in performance of their assigned tasks.' " *Id.* 435 A.2d at 297).

■ Plaintiff and defendant in this action were in area that their employer "caused to be used by his employees" when the injury occurred. Their employer required them as a condition of employment to use a particular parking lot. This fact places plaintiff's cause of action within the *Epler* court's interpretation of the scope of coverage under section 301(c)(1). In *Epler,* the plaintiff was killed while crossing a public street on the way to his employer designated parking slot. Here, the accident occurred while the plaintiff and defendant were in the employer designated parking lot.

The reach of *Epler* is further clarified by a brief review of the Commonwealth Court's decision which, as noted above, the Pennsylvania Supreme Court rejected as "restrictive reasoning." The Commonwealth Court discounted plaintiff's argument that "the employer's business was furthered by the decedent's [plaintiff's] use of the company parking lot and that the decedent was still in the course of employment while on his way to the parking lot." *North American Rockwell Corporation v. Workmen's Compensation Appeal Board,* 21 Pa.Cmwlth. 437, 346 A.2d 379, 383 (1975). In denying coverage the Commonwealth Court erroneously reasoned that the plaintiff's "decision to drive must be considered as having been in the interest of his own convenience, and the requirement that he park in the employer's lot must be viewed simply as a result of that decision." *Id.*

Plaintiff relies on *Dana Corp. v. W.C.A.B. (Gearhart),* 120 Pa.Cmwlth. 277, 548 A.2d 669, *appeal denied, Gearhart v. Dana Corp. W.C.A.B.,* 522 Pa. 606, 562 A.2d 828 (1989)[1]. There, an employee was

**1.** Plaintiff also points to the Pennsylvania Supreme Court decision in *Anzese v. Workmen's Comp. Appeal Bd.,* 35 Pa.Cmwlth. 256, 385 A.2d

625 (1978) where an employee had finished work and was driving off of his employer's parking lot when struck by lightening and

walking through the employer parking lot on his way to his car, parked in the street. He stopped to assist a co-worker who was having trouble with his car. This car unexpectedly moved backwards and struck the claimant. The court applied a three part test under section 301(c)(1) of the Act: "(1) the injury occurred on the employer's premises, (2) the employee's presence thereon was required by the nature of his employment, and (3) the injury was caused by the condition of the premises or by the operation of the employer's business thereon." *Id.* 548 A.2d at 670.

The court held that the claimant failed to meet the second and third prongs of this test. Under number two, the court reasoned that when the accident occurred the claimant's presence on the employer's premises was not required, as he had stopped voluntarily to assist his co-worker. Apparently, unlike the *Epler* case, the claimant was not required to park in the employer's parking lot. As to number three, neither the condition of the premises nor the operation of the employer's business caused the car to move and strike the claimant. Therefore, no relief under the Act was available to claimant.

In observing that the Pennsylvania Supreme Court in *Epler* did not address the issue of the conditions of the premises, the court in *Dana* noted that "the danger inherent in crossing a public street can be a condition of the premises where a street is held to be part of the premises." *Id.* 548 A.2d at 671. Presumably, the *Dana* court viewed the danger of crossing a public street as satisfying a "condition of the premises" requirement.

*Dana* appears to diverge from *Epler* by holding that the claimant's injury must be attributable to a condition on the employer's premises. In contrast, *Epler* makes no mention of this requirement when the employee's presence on the employer's premises is required by the employer. I conclude that the decision of the Pennsylvania Supreme Court in *Epler* is dispositive of the

killed. The court denied coverage. However, this decision predates *Epler* and there is no

issue whether plaintiff's cause of action falls within the Act.

The reasoning of *Epler* remains unequivocal and cogent; its purpose in reversing the Commonwealth Court is clear. With no hint of retreat or thought of modification emanating from the Pennsylvania Supreme Court, I view *Epler* as controlling. Therefore, as a matter of law, defendant's motion for summary judgment is granted and plaintiff's complaint is dismissed as stating a cause of action governed exclusively by the Act.

mention of whether or not the employee was required to park in the employer's parking lot.